SPIEGEL et al. v. ZUCKERMAN et al.

(Circuit Court of Appeals, Second Circuit. May 25, 1911.)

No. 272.

TRADE-MARKS AND TRADE-NAMES (§ 21*)—PERSONS ENTITLED—PRIORITY OF USE.

Complainants *held* not to have acquired the right by registration under the statute to the exclusive use of the word "Princess" as a trade-mark for shirt waists, on evidence showing an extensive use of the word in connection with shirt waists by others throughout the country for several years prior to the earliest date of its use by complainants.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 21.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Hyman Spiegel and Conrad Prehs, copartners, against Louis Zuckerman and others. Decree for defendants, and complainants appeal. Affirmed.

This cause comes here upon appeal from a decree dismissing a bill for infringement of trade-mark. The trade-mark is alleged to be the word "Princess," used in connection with the sale of women's shirt waists. The opinion of the Circuit Court will be found in 175 Fed. 978. It sets forth the facts with such fullness that they need not be restated here.

James E. Bennet (C. G. Hensley, of counsel), for appellants.
Samuel I. Frankenstein (S. I. Frankenstein, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. No question of unfair trading or of infringement of a common-law trade-mark is presented by this appeal. The parties are all residents of the state of New York, and the federal courts have no jurisdiction of any such controversy.

On April 8, 1907, complainants, alleged to be the successors of H. Kottler & Co., filed a statement and declaration under the provisions of the trade-mark act of February 20, 1905 (33 Stat. 724, c. 592 [U. S. Comp. St. Supp. 1909, p. 1275]), and certificate of registration was duly issued under date of October 22, 1907. By the terms of the statute (section 16) such certificate is made prima facie proof of ownership of the trade-mark; but such prima facie proof may be overcome, if it be made to appear that the applicant was not entitled to the particular trade-mark which he sought to appropriate. The testimony shows an extensive use of the word "Princess" in connection with shirt waists, going back for several years—indeed, prior to the date named in the application (January 1, 1901), and prior to the earliest date to which complainants have been able to show their own use of it, by persuasive testimony. Many different persons used it, in many different places. It is not necessary to find that any one of these has used the word as a trade-mark so long and so continuously that he, rather than complainants, is entitled to exclusive ownership. It is quite sufficient to dispose of this appeal to find, as we do and as the Circuit Court found, that in and prior to 1901 the word "Princess" was being used by so many different persons in connection with the sale of shirt waists and similar garments, and had been so used for so long a time, that complainants could not, by adopting it as a mark for their own goods, acquire any exclusive right to its use as such mark.

The decree is affirmed, with costs.