McLELLAN STORES CO. v. CONRAD & CO., Inc.

Court of Appeals of District of Columbia.

Submitted March 16, 1927. Decided April 4, 1927.

No. 1932.

1. Trade-marks and trade-names and unfair competition ⬳45—Presumption of ownership arising from registration of trade-mark extends beyond date of registration (Trade-Mark Act 1905, §§ 12, 16 [Comp. St. §§ 9497, 9501]).

The presumption of ownership arising from registration of trade-mark, under Trade-Mark Act 1905, § 16 (Comp. St. § 9501), extends beyond, and is not limited to, date of registration only, in view of section 12 (Comp. St. § 9497).

2. Trade-marks and trade-names and unfair competition ⬳43—Trade-mark "Dainty Maid" held deceptively similar to trade-mark "Lady Dainty," in proceeding for registration of the former (Trade-Mark Act 1905, § 5 [Comp. St. § 9490]).

Trade-mark "Dainty Maid" held deceptively similar to trade-mark "Lady Dainty," in proceeding for registration of the former, under Trade-Mark Act 1905, § 5 (Comp. St. § 9490).

Appeal from the Commissioner of Patents.

Application by the McLellan Stores Company for registration of trade-mark, opposed by Conrad & Co., Inc. From a decision sustaining the opposition, applicant appeals. Affirmed.

C. P. Goepel, of New York City, and C. T. Milans and J. H. Milans, both of Washington, D. C., for appellant.

O. R. Singleton and C. V. Imlay, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the tribunals of the Patent Office in a trade-mark opposition proceeding, in which registration of the words "Dainty Maid" has been refused because of a finding that they so nearly re-

semble "Lady Dainty," opposer's trade-mark, "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." See section 5 of the Trade-Mark Act of 1905, 33 Stat. 724 (Comp. St. § 9490).

The earliest date of adoption and use claimed by the applicant, appellant here, is May 21, 1924. Opposer, appellee here, introduced in evidence a registration of the words "Lady Dainty" to opposer's predecessor on April 1, 1913, and an assignment of the mark "in connection with the good will of the business" (see section 10 of the Trade-Mark Act, being Comp. St. § 9495), which assignment was duly recorded in the Patent Office. Opposer introduced no other evidence.

[1] Section 16 of the Trade-Mark Act (Comp. St. § 9501) provides "that the registration of a trade-mark under the provisions of this act shall be prima facie evidence of ownership," and that any person who, without the consent of the owner, shall reproduce, counterfeit, copy or colorably imitate any such trade-mark and affix it to merchandise of substantially the same descriptive properties as those set forth in the registration, etc., shall be liable in an action for damages. Applicant contends that the prima facie presumption of ownership does not extend beyond the date of registration; in other words, that the registrant is presumed to have owned the mark on the date of registration, but not afterwards.

This contention was rejected by the Patent Office, and we think correctly. Section 12 of the Trade-Mark Act (Comp. St. § 9497) provides that a certificate of registration shall remain in force for 20 years, except in the case of a trade-mark previously registered in any foreign country, which expires on the date it ceases to be protected in such foreign country. Taking these provisions together, as we must, it is apparent that Congress intended that the owner of a mark should enjoy a continuing presumption of ownership during the life of the registration.

[2] As to the second question, or whether the two marks are deceptively similar, we agree with the Patent Office. As stated by the Commissioner: "It is thought the two marks, when viewed in their entirety, are so far similar that ordinary purchasers, not having the two marks side by side, but depending upon memory and giving no great thought to the matter, would be likely to be confused as to the goods and their origin. True enough, the word 'Dainty,' used alone,

is descriptive; but, in connection with either of the other words, the general significance of the complete notation becomes either fanciful when applied to hosiery or at most merely suggestive."

The decision is affirmed.

Affirmed.