**ALFRED SCHNEIER CO., Inc., v. BRAMSON.**

No. 7894.

District Court, E. D. New York.

June 22, 1936.

H. C. Bierman, of New York City, for plaintiff.

Isadore Glauberman, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is an action for unfair competition by defendant and for the infringement of plaintiff's registered trade-mark No. 293,-514, dated April 26, 1932.

Plaintiff and its predecessor has been since 1887, and now is, engaged in the business of manufacturing, selling, and distributing siphons for use in dispensing carbonated beverages. Such siphons have been, and are, in common use and in wide distribution. These siphons consist essentially of a siphon bottle having fitted to the neck thereof a metallic siphon head which includes a valve and other necessary elements whereby to control the flow of liquids through said siphon head. Plaintiff's business is the largest business of its kind in the United States. Up to the year 1930 the siphon heads of various manufacturers were not easily distinguishable. It was impossible for the ordinary user to distinguish the products of the manufacturers.

On or about June 17, 1930, plaintiff adopted a distinguishing mark on siphon heads manufactured by plaintiff, and plaintiff used in interstate commerce in the United States and elsewhere such distinguishing mark, and has continuously used the same. Said mark consists in a panel impressed into the siphon head at one side thereof, the panel being generally of rectangular shape and being longer than it is high and usually is stippled in order to make the same more visible at a glance. Plaintiff in the manufacture of siphon heads stamps the name of its customer on the rectangular panel.

After the adoption of plaintiff's trademark, and prior to its infringement by the defendant Sam Bramson, doing business as Metropolitan Siphon Supply Company, plaintiff filed an application for registration of its trade-mark in the United States Patent Office on December 5, 1930, serial No. 308,644. Plaintiff was the originator and sole proprietor of the trade-mark sought to be protected in said application, which trade-mark was unknown and had not been used by others in this country at the time of the origin and adoption thereof by plaintiff. Said trade-mark has been continuously used by the plaintiff since its adoption and has not been abandoned. Plaintiff having complied with the statutes, rules, and regulations, such proceedings were had in the United States Patent Office that on April 26, 1932, registration No. 293,514 was duly granted to the plaintiff for said

494

trade-mark. That said trade-mark reads as follows:

"To all whom it may concern:

"Be it known that Alfred Schneier Company, Inc., a corporation organized under the laws of the State of New York, and having an office for the transaction of business at 205 East 42nd Street, New York City, in the borough of Manhattan and State of New York, has adopted and used the trade-mark shown in the accompanying drawing, for siphon heads for glass siphon bottles, in Class No. 13, Hardware and plumbing and steam-fitting supplies.

"The trade-mark has been continuously used in the business of said corporation since about June 17, 1930.

"The mark consists of a stippled panel impressed on the siphon head as shown in the drawing.

"Alfred Schneier Company, Inc.,
"By Alfred Schneier, Pres."

There is no question as to defendant's infringement of plaintiff's trade-mark. At the conclusion of the trial the court held that the plaintiff originated the idea of the panel and that no prior use had been established. Briefs were to be submitted upon two questions of law: First, the question of whether or not the panel was a valid trade-mark and whether the plaintiff contemplated the use thereof as a trade-mark. The second question was whether placing the name of the customer on the panel invalidates the trade-mark and makes it ineffective. Both questions have been resolved in favor of the plaintiff.

The rectangular panel design is arbitrary in its character and selection. Geometrical figures of various types are being constantly registered in the United States Patent Office, such as rectangles, diamonds, circles, triangles, and lines. The arbitrary symbol of a rectangle is a proper subject of registration in the Patent Office. In the case of Buzby v. Davis (C.C.A.) 150 F. 275, 277, 10 Ann.Cas. 68, the court had under consideration a keystone as a trade-mark for lubricating oils. The court decided: "But the arbitrary symbol of the keystone of an arch is not a geographical term. It is the proper subject of exclusive appropriation as a trade-mark, and it was so under the common law."

The panel is a very valuable trademark to the plaintiff. Customers of plaintiff and defendant, being bottlers of carbonated beverages, recognized the panel as plaintiff's trade-mark. The trade recognized the fact that the rectangle identified the siphon as being manufactured by the plaintiff. The fact that the Patent Office permitted the registration of the trademark gives a very definite presumption both of the ownership of the trade-mark and the validity thereof. Chapin-Sacks Mfg. Co. v. Hendler Creamery Co. (C.C.A.) 254 F. 553; Spiegel v. Zuckerman (C.C.A.) 188 F. 63; McLellan Stores Co. v. Conrad & Co., Inc., 57 App.D.C. 176, 18 F.(2d) 826; Planten v. Gedney (D.C.) 221 F. 281.

 The placing of the name of the user within the rectangular panel would not nullify the plaintiff's trade-mark rights to the panel. A single article may carry more than one trade-mark and each trade-mark may be valid. Loonen v. Deitsch (C.C.) 189 F. 487; Marcucci v. United Can Company (D.C.) 278 F. 741. Plaintiff's trademark is valid and has been infringed.

Settle findings and decree on notice.