[S. F. No. 2513.   Department Two.—July 16, 1903.]

C. A. DURFEE, Respondent, v. ALFRED SEALE et al., Defendants; THOMAS SEALE, Appellant.

PROMISSORY NOTE—PAYMENT OF PRE-EXISTING DEBT.—A promissory note given for a pre-existing debt does not constitute a payment of such debt, in the absence of evidence of an express agreement or of the intention of the parties to that effect.

Id.—ACTION ON ORIGINAL DEBT—NOTE OF AGENT—MISTAKEN BELIEF.—One who, mistakenly believing that the maker of a note is one of the parties liable to him on a pre-existing indebtedness, receives from the original debtor part cash and the individual note of his agent for the balance, may, after ascertaining that the agent was not so liable, disregard the note and sue the principal party liable on the original debt.

Id.— MOTION FOR NONSUIT—FAILURE TO STATE GROUNDS.—One who moves for a nonsuit must state the particular grounds upon which the motion is based; and if he fails to do so, the motion is properly denied.

Id.—INTEREST ON JUDGMENT—APPEAL FROM ORDER.—The question whether the court erred in allowing interest on the judgment can only be urged upon appeal from the judgment, and cannot be considered on appeal from an order denying a new trial.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.   M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, and Nicholas Bowden, for Appellant.

C . W. Cobb, and E. M. Rea, for Respondent.

LORIGAN, J.—This action is brought for a balance upon an alleged contract, made in 1893, for breeding, training, feeding, and shoeing six brood mares, the property of the appellant, Thomas Seale. At the time of the contract, plaintiff, who resided at Los Angeles, owned a racing stallion known as "McKinney," kept by him at that city for breeding purposes. The defendant, a resident of Santa Clara County, was the owner of six brood mares. An agreement was made between the plaintiff and the defendant, Thomas Seale, whereby said six brood mares were to be shipped to Los Angeles to be bred to said stallion, the defendant to pay the sum of one hundred and fifty dollars for each of five of said mares, the other one to be bred on shares. The said mares were accordingly shipped, bred, and thereafter brought from Los Angeles to Santa Clara County. by Alfred Seale, the other defendant, who, before taking them, paid to the plaintiff the sum of five hundred dollars and gave his individual note payable on demand for the balance of the account. It is for this

balance that this action is brought. In his answer appellant pleaded payment, and, as an additional defense, alleged that the contract made between himself and the plaintiff was, that said mares should be sent to Los Angeles for the purpose of being bred to said stallion, and that such of them as failed to become with foal might be returned the following season of 1894 to be again bred, the plaintiff agreeing that he would have said stallion at either the city of San José or the city of Oakland for breeding purposes; that four of said mares failed to become with foal, and that he failed to have said stallion at either of said cities as agreed.

The action in the lower court was dismissed as to the defendant Alfred Seale and a judgment rendered in favor of the plaintiff against the defendant Thomas Seale, and from an order denying his motion for a new trial he appeals. The specifications upon which the motion for a new trial were based are, that the evidence was insufficient to justify certain findings made by the court, and this is about the only point urged upon this appeal. Our examination of the record discloses that it would be a useless and unprofitable task to discuss either these findings or the evidence upon which they are based. The only persons who testified upon the trial as to the terms of the contract entered into between the parties and to the material facts in the controversy, were the plaintiff on the one hand, and the appellant and his son upon the other, and their evidence was sharply in conflict. This being true, we are precluded from further examination into the matter, because under the familiar and well-established rule, the appellate court will not disturb findings which are based upon conflicting evidence. However, there are some of these findings to which we will give particular attention, because counsel for appellant insists that there is no evidence whatever in the record to sustain them. One of these is, that the defendant Thomas Seale agreed to pay, while they were in Los Angeles, for the driving and training of two of said mares and the pasturage, feeding, and shoeing of five of them. Not only does plaintiff testify that this was the fact, but the account presented by him to the defendant specially included these items, and no question concerning them seems to have been made until the trial of this cause. Several letters were

written by the plaintiff to the defendants, and produced by them at the trial, in which mention is made of all these matters, but neither in their reply to them, nor in the conferences had between them, was any question raised as to their not being proper and authorized charges.

The court further finds that the defendant Alfred Seale (against whom the action was dismissed), son of the defendant Thomas Seale, was his agent with full power and authority to act in all the business negotiations out of which this controversy arose, and this finding is challenged.

We do not think there can be any question as to the accuracy of this finding. The evidence shows that the principal negotiations with the plaintiff were conducted, on the part of the defendant Seale, by his son, purporting to represent his father. The defendant Thomas Seale testified that his son attended to these matters more than he did; no pretense to the contrary anywhere appears in the evidence, and as far as the point is concerned it is for the first time disclosed in appellant's brief.

The last finding specially challenged by plaintiff is that wherein the court finds that the amount sued on has not been paid. The fact is that when Alfred Seale went to Los Angeles to bring the horses back to Santa Clara County the plaintiff and he examined into and discussed the bill relative to them which plaintiff presented to him, and, being satisfied with its items, delivered the plaintiff a check, signed by the defendant Thomas Seale, for five hundred dollars, and at the same time executed his, Alfred Seale's, individual promissory note for the balance. When the plaintiff took this promissory note he was under the impression that Alfred and Thomas Seale were jointly interested in the mares. In subsequent negotiations with the father, he ascertained that the son had no interest in them, and when he brought this action he sued upon the original indebtedness, making no claim upon the promissory note. The appellant insists that the acceptance of the note of Alfred Seale by the plaintiff operated as payment. The lower court found against him upon this point, and we are satisfied that the finding is correct. There is no evidence in the record of any agreement that the plaintiff should accept this note as payment of the debt; in fact, it

was received under a mistake as to who was the real debtor, and the rule of law is, that, in the absence of an express agreement to that effect, or evidence that it was the intention of the parties so to consider it, the taking of a note for an existing liability does not constitute a payment of the debt. (*London and San Francisco Bank* v. *Parrott*, 125 Cal. 483.[1]) Aside from the specifications of insufficiency of the evidence to sustain the findings, the appellant specifies as error the refusal of the court to grant his motion for a nonsuit. All that the record shows upon this point is, that at the close of the plaintiff's testimony the defendant moved the court for a judgment of nonsuit, which, after argument, was by the court denied, and defendant excepted. It does not appear what the grounds of the motion were, and it is the settled rule of law in this state that where a party moves for a nonsuit he must state the particular grounds upon which the motion is based, in order that the attention of the court and counsel may be called to them, so that any defects in the proof may, if possible, be obviated. The motion in this case did not specify any grounds whatever, and the motion was therefore properly denied. (*Silva* v. *Holland*, 74 Cal. 531.)

It is contended that the court erred in allowing interest upon the amount of the judgment found in favor of the plaintiff. Such an objection cannot be urged on appeal from an order denying a motion for a new trial. It is only available upon an appeal from a judgment, which, in this case, was not taken.

The order denying the motion for a new trial is affirmed.

McFarland, J., and Henshaw, J., concurred.