[Civ. No. 150.  First Appellate District.—February 13, 1906.]

## J. H. KRUSE, Appellant, v. H. E. WILSON et al., Respondents.

CONTRACT FOR BUILDING—MATERIALS FURNISHED SUBCONTRACTOR—LIABILITY OF CONTRACTOR.—A contractor for the construction of a building is under no personal liability to a materialman who sells materials to a subcontractor for use in the building.

MECHANIC'S LIEN—SCHOOLHOUSE.—A public schoolhouse cannot be made the subject of a mechanic's lien.

ID.—MONEY DUE SUBCONTRACTOR FROM CONTRACTOR—INTERCEPTION BY MATERIALMAN.—Under section 1184 of the Code of Civil Procedure, a materialman, who furnishes materials to a subcontractor for use in a building, cannot, by serving notice of his claim on the contractor, intercept the moneys which may be due from the contractor to the subcontractor.

ATTACHMENT—GARNISHMENT—PAYMENT TO SHERIFF.—A garnishee who, upon being served with the garnishment, delivers to the sheriff the money in his hands which he owed to the attachment debtor, thereby relieves himself from any further liability to the attaching creditor by virtue of the writ of attachment.

ID.—DIRECTION BY GARNISHEE TO SHERIFF—PERFORMANCE OF DUTY PRESUMED.—A direction by the garnishee to the sheriff to apply the money paid him in satisfaction of an execution against the attachment debtor issued in favor of a person other than the attaching creditor, confers no authority on the sheriff to do so, and it will not be assumed that the sheriff complied with such direction.

ID.—MONEY HELD UNDER ATTACHMENT—JUDGMENT AGAINST DEBTOR.—An attaching creditor is not entitled to demand from the sheriff money held under an attachment until he has obtained a judgment against the debtor.

APPEAL from judgments of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Barna McKinne, for Appellant.

I. E. Jarrett, for Respondents.

HARRISON, P. J.—Appeal from judgments rendered sustaining demurrers to an amended and supplemental complaint.

The complaint is in two counts, in the first of which the plaintiff alleges that the defendants Newsom and McNeil were contractors for the construction of a public school building in San Francisco, with whom the defendant Wilson had contracted to perform the labor and furnish the materials for the plastering in said building; and that the plaintiff had sold and delivered to Wilson laths and lumber therefor of the value of $343.74, which had been used for said plastering, and that no part thereof had been paid. In the second count, the complaint alleges, in addition to the foregoing, that the building was completed and accepted September 17, 1903; that after its completion, and prior to September 23, 1903, Newsom and McNeil were paid the full contract price therefor; that the present action was commenced September 23, 1903; that at the time of its commencement the plaintiff caused a writ of attachment to be issued therein, and that on the same day, by virtue thereof, the defendant John Lachman, as sheriff of San Francisco, garnished all moneys due or owing the defendant Wilson by said Newsom and McNeil; that at the time of the service upon them of said garnishment they had in their hands the sum of $343.74 owing by them to Wilson for labor performed and materials furnished by him in construction of said building, which materials had been purchased by him from the plaintiff; that prior to the commencement of the action the plaintiff informed them of his claim against Wilson, and that they promised to hold said funds until the court should determine to whom they belonged; that after said garnishment they paid the said sum of $343.74 to the sheriff, and directed him to apply the same to the payment of an execution then in his hands against Wilson in favor of one Clark, under which the sheriff had, on September 12th, garnished any moneys then owing by them to Wilson. It is also alleged that the judgment in favor of Clark, upon which said execution was issued, was rendered March 18, 1903, upon a cause of action entirely disconnected with the construction of the building or materials therefor. Although the default of the defendant Wilson was entered, the judgment as rendered was in favor of all of the defendants, but the plaintiff has ap-

pealed from only the judgments rendered in favor of Newsom, McNeil and Lachman.

1. The first count of the complaint shows no cause of action against either of the respondents. It states no facts showing any privity between them, or either of them, and Wilson, and the fact that Wilson purchased the merchandise for the purpose of carrying out a contract between him and Newsom and McNeil, did not create any liability against the latter in favor of the plaintiff.

2. The building in which the materials sold to Wilson were used, being a public building, could not be made subject to a mechanic's lien (*Mayrhofer* v. *Board of Education*, 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646]), and the plaintiff has not attempted to enforce any lien for his claim. He bases his right of recovery upon the ground that the money in the hands of Newsom and McNeil was a trust fund out of which he had the right to be reimbursed for his claim against Wilson before any payment could be made therefrom to Clark, citing in support of such claim *Bates* v. *Santa Barbara County*, 90 Cal. 543, [27 Pac. 438]. Section 1184 of the Code of Civil Procedure, under which that case was decided, authorizes a materialman to intercept the moneys which may be coming from the owner to the contractor, but does not authorize the interception of any moneys due from a contractor to a materialman; and in order to effect such interception the section requires him to give notice of his claim to the "owner." The plaintiff has not alleged that he gave any notice of his claim to the "owner" of the building, or to the board of education or other authority by which its construction was authorized, the only notice alleged to have been given by him being to Newsom and McNeil. As Newsom and McNeil, upon being served with the garnishment, delivered to the sheriff the moneys in their hands which they owed to Wilson, the plaintiff can have no further claim upon them by virtue of the writ of attachment. Their direction to the sheriff to apply the money upon the execution in favor of Clark did not confer any authority upon that officer to do otherwise than to comply with the law in the execution of the writs in his hands. It is not alleged that the sheriff paid the money as directed by Newsom and McNeil, and it must be assumed that it is still in his hands; but until the plaintiff shall obtain a judgment against Wilson, he is

not entitled to demand from the sheriff the moneys held under the attachment. As it is not alleged that such judgment has been obtained, the plaintiff has not stated a cause of action against the sheriff. The demurrers of the respondents were, therefore, properly sustained.

The judgments appealed from are affirmed.

Cooper, J., and Hall, J., concurred.