[Civ. No. 318.   First Appellate District—December 20, 1906.]

OSCAR JOHNSON and HILMA JOHNSON, Respondents, v. HUGH CENTER, Appellant.

NEGLIGENCE—NONSUIT—APPEAL—GROUNDS NOT DISCLOSED.—In an action to recover for personal injuries caused by defendant's negligence, where the defendant appealing assigns error in denying his motion for a nonsuit, and the record fails to show upon what grounds the motion was made, this court cannot say that the trial court erred in denying the motion.

ID.—SUPPORT OF VERDICT—SUFFICIENCY OF EVIDENCE—CONFLICT.—In determining the sufficiency of the evidence to support the verdict for plaintiffs, when the evidence is conflicting, the court will consider the evidence that is most favorable to the plaintiffs.

ID.—COLLISION OF RAILROAD ENGINE WITH BUGGY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE SUPPORTING VERDICT.—When there was evidence tending to show that the injured plaintiff was driving a gentle horse, which had crossed a railroad track, but which, while passing along the wagon road, became frightened by an approaching train, and backed the buggy on the track, and that the engineer saw that she could not manage the frightened horse in time to have stopped the train and prevented injury, but

took no steps to stop or slow down until it was too late to prevent the engine from striking the buggy wheel, to plaintiff's injury, it cannot be said, as matter of law, that the jury were not justified in finding that defendant was guilty of negligence causing the injury, and that the injured plaintiff was not guilty of contributory negligence.

ID.—EVIDENCE OF CONDUCTOR—PRECAUTION OF ENGINEER—MATTER FOR JURY.—The court properly excluded offered evidence of the conductor to show that the engineer took "every precaution that an engineer could take to stop the train and prevent the accident." That was matter for the jury to determine from the evidence as to what he did, when he did it, and under what circumstances.

ID.—HARMLESS ERROR—PRECAUTIONS TAKEN—PROOF GIVEN.—The question, "What precaution, if any, did the engineer take to stop the train and prevent the accident?" might properly have been allowed; but where the conductor and engineer had already fully testified as to what the engineer did, and when he did it, the ruling of the court against the question is not ground for reversal.

ID.—MUTUAL NEGLIGENCE—REFUSAL OF UNQUALIFIED INSTRUCTION—MODIFICATION.—It was not error to refuse an unqualified instruction that the mutual negligence of both parties contributing to cause the injury will preclude recovery, where it might confuse and mislead the jury, and to give in lieu thereof an instruction that "where both parties have been equally negligent, and the negligence of each party directly contributed to cause the injury, no recovery for damages can be had."

ID.—RULE OF LAST CLEAR OPPORTUNITY TO AVOID INJURY.—Although a person by his own negligence has put himself in a place of danger, another person may not wantonly injure him, but if aware of his danger must use ordinary care to avoid injuring him, and for a failure to do so is liable in damages. The party who has the last clear opportunity to avoid the accident is considered solely responsible, notwithstanding the prior negligence of the other party.

ID.—SUBSTITUTED INSTRUCTION—COMPLETENESS WITH OTHER INSTRUCTIONS.—While the substituted instruction is correct as far as it goes, it does not completely state the law of contributory negligence, but where it is taken with other instructions giving the complete law on that subject, there is no injury by reason of the incompleteness of that instruction.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

D. W. Burchard, C. L. Witten, H. W. McComas, and W. A. Bowden, for Appellant.

W. B. Hardy, and Jackson Hatch, for Respondents.

HALL, J.—Plaintiffs are husband and wife, and brought this action for damages for injuries alleged to have been inflicted on the wife, Hilma Johnson, by the servants of defendant in running a railroad train against a buggy, in which said Hilma Johnson was riding, whereby she was thrown from the buggy and her foot caught under the engine and injured. The action was tried before a jury, and the verdict was in favor of plaintiffs. Defendant appeals from the judgment and from the order denying his motion for a new trial.

At the close of plaintiffs' case defendant moved for a nonsuit, which was denied, but the record fails to show upon what grounds the motion was made, for which reason we cannot say that the court erred in its ruling. The record simply states that at the close of the plaintiffs' case "defendant moved the court for a judgment of nonsuit in said action"; and that it was argued, denied, and exception reserved, being almost an exact counterpart of the record in *Durfee* v. *Seale,* 139 Cal. 603, [73 Pac. 435], where it was said: "The motion in this case did not specify any grounds whatever, and the motion was therefore properly denied." (See, also, *Silva* v. *Holland,* 74 Cal. 531, [16 Pac. 385].)

It is contended by defendant that the evidence is not sufficient to support the verdict, and in this regard it is claimed that the evidence fails to show that Mrs. Johnson was injured by any negligence or fault of defendant, and that it conclusively appears that she was injured as the result of her contributory negligence. We do not think the contention of appellant upon this point can be sustained. It appears from the record that at the time of the accident defendant operated a steam railroad along a public highway known as Alum Rock avenue. Upon each side of the railroad tracks were two traveled wagon roads, the one upon the southerly side, with which this case is mostly concerned, being separated from each other by a ditch and a row of trees. Over the ditch, however, at irregular intervals, were driveways. On the day of the accident

the plaintiffs, with their two year old child and Miss John-son, a sister of Mr. Johnson, were returning to San Jose from Alum Rock Springs. Mr. Johnson was on a bicycle, and rode about one hundred yards ahead of the buggy in which were the two women and the child. The buggy was drawn by a thirteen or fourteen year old gentle horse, one that had been used by Mr. Johnson in San Jose on former occasions, and had never appeared to be afraid of electric cars, and on the morning of the day of the accident on their trip to Alum Rock had passed the railroad train of defendant without showing any symptoms of alarm. Miss Johnson, a young woman twenty-two years of age, and accustomed to driving was driving the horse, and Mrs. Johnson held the sleeping child. When they first saw the approaching train it was a thousand feet or more away, and they were on the roadway on the north side of the track. They crossed the railroad track to the first roadway south of the track in safety, and the horse proceeded for a time along the road without show-ing any signs of alarm, and then stopped, threw up his head, and showed signs of being alarmed at the approaching train. Although Miss Johnson whipped the horse and urged him for-ward, he presently commenced to back, and finally, notwith-standing her whipping and urging, cramped the buggy and backed it onto and across the railroad track so that the horse was on the track, and finally getting turned so that his head faced away from the train, he started forward and drew the buggy again onto the track, where the hind wheel was struck by the engine, and Mrs. Johnson thrown out. There is evi-dence in the record that when the buggy was backed onto the track the engine was one hundred yards away from the buggy, and could have been stopped within a distance of one hundred and twenty-five feet. There was evidence tending to show that the engineer saw horse and buggy and women before the horse commenced to back, and watched them all the time, and yet did not slow down his engine until within sixty or one hundred feet of the buggy. Upon some of these points there was, as is usual in such cases, a sharp conflict of testi-mony, and we are stating the evidence that is most favorable to plaintiffs. If the jury believed the evidence that tended to show that when the engine was one hundred yards away

from the buggy the engineer saw that the driver (a woman) could not manage the horse, and that he had backed the buggy onto the track, and yet took no steps to slow down or stop his train until within sixty or one hundred feet of the buggy, we cannot say as matter of law that they were not justified in finding that the engineer was guilty of negligence which caused the accident that followed.

Neither can we say as a matter of law that the driver of the horse was guilty of negligence, because she drove what appeared to be a perfectly gentle horse along a public traveled highway traversed by a railroad track. While it is claimed by counsel for defendant that the driver of the horse caused him to back the buggy onto the track, the evidence for the plaintiff does not show it, but simply shows that the horse became unmanageable, and without fault of the driver backed onto the track.

The contention that the verdict is not supported by the evidence cannot be sustained.

The court properly sustained plaintiffs' objection to the question put to the conductor, "Did the engineer take every precaution that an engineer could take to stop his train and prevent the accident?" This was a matter to be determined by the jury from the evidence as to what he did, when he did it, and under what circumstances.

The next question, however—"What precaution, if any, did the engineer take to stop the train and prevent the accident?"—might very properly have been allowed, but inasmuch as the conductor, as well as the engineer, had already testified fully as to what the engineer did do, and when he did it, we do not think the ruling of the court in disallowing the question justifies a new trial of the action. On examining the testimony given by the conductor we find that he testified that the slowing down of the train commenced about one hundred yards from the rig, that it was then going nine or ten miles an hour, and he (the engineer) reduced it about one-half; that the reduced speed was kept up until the train got near the rig, when the train stopped. He also said that when the horse commenced to back, which he said was when the train was twenty feet away, the engineer reversed the engine.

The objection to the question was as to its form only, and was sustained apparently upon that ground; and while the objection to the question seems to us a little hypercritical, we do not think the ruling of the court was intended to prevent or did prevent, the defendant from eliciting from the witness any fact within his knowledge concerning what the engineer did. Defendant did not reform his question, or further attempt to draw from the witness testimony as to any particular thing that the engineer did.

Defendant requested the court to charge the jury as follows: "Where there has been mutual negligence, and the negligence of each party contributed to cause the injury, no recovery of damages can be had," which the court refused, but in lieu thereof instructed the jury as follows: "Where both parties have been equally negligent, and the negligence of each party directly contributed to cause the injury, no recovery for damages can be had." It is now urged by defendant that the court erred, both in refusing the instruction requested, and in giving the substituted instruction.

First, as to the refusal to give the requested instruction, while it states a general rule of liability, it is not without qualification applicable to all cases. Thus, although a person by his own negligence has placed himself in a place of danger, another person may not wantonly injure him, but if aware of the danger to the first party, must use ordinary care to avoid injuring such person. For a failure so to do such person is liable in damages. "The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible." (*Esrey* v. *Southern Pacific Co.,* 103 Cal. 541, [37 Pac. 500].)

In the case at bar there is evidence which tends to prove that the engineer of the train saw that Mrs. Johnson was in a place of danger in ample time to have avoided the accident by the use of the appliances at his command. The court was therefore justified in refusing the instruction as requested. If given without qualification it would have been confusing and misleading to the jury.

Neither was the defendant injured by the giving of the substituted instruction, for while it is not a complete state-

ment of the law it is correct so far as it goes. It is true that where both plaintiff and defendant are equally negligent, and the negligence of each party directly contributes to cause the injury, no recovery for damages can be had. In other instructions the court fully protected the defendant from any injury by reason of the incompleteness of the statement of the law as to contributory negligence on the part of plaintiff contained in the instruction now under consideration. Thus the court, at the request of the defendant, charged the jury as follows: "I instruct you that there can be no recovery for damages for injuries negligently inflicted upon one person by another, if the injured person by her own negligence, or by the negligence of another person legally imputed to her, proximately contributed to the injuries"; and also "If the party injured could have avoided the injury by the use of reasonable care, then plaintiffs cannot recover unless the defendant's employees willfully and wantonly so operated the train as to cause the collision."

For these reasons the court did not err in giving the modified instruction.

The judgment and order are affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1907.