[L. A. No. 2747.    Department Two.—February 10, 1912.]

NATIONAL LUMBER COMPANY (a Corporation), Respondent, v. L. C. WHALLEY and SECURITY BUILDING COMPANY (a Corporation), Defendants; MERCHANTS' TRUST COMPANY, Appellant.

MECHANIC'S LIEN—EVIDENCE SUSTAINING REPUTED OWNERSHIP OF LAND.—In an action to enforce a materialman's lien, evidence that the person for whom the building was erected and for which the material was furnished was in possession of the land with the knowledge of the owner and under a contract with him, that he held himself out as the owner of the land to the plaintiff and to others, and made contracts for the erection of the building on the land and caused the work of its construction to be begun, is sufficient to establish his reputed ownership of the land.

ID.—FACTS PUTTING OWNER ON INQUIRY AS TO CONSTRUCTION OF BUILDING.—The facts that an employee of the agent of the real owner, having entire charge of the selling of the tract of land of which the lot in question formed a part, informed such agent that the building had been commenced and subsequently that the work had been stopped, are sufficient to put the real owner upon inquiry as to the construction of the building and to charge him with knowledge thereof, under section 1192 of the Code of Civil Procedure.

ID.—NOTE GIVEN TO MATERIALMAN NOT PAYMENT.—In the absence of a contrary agreement between the materialman and reputed owner, the giving of a note by the latter to the former to secure the payment of the amount due him did not constitute a payment of the indebtedness.

ID.—WHEN NOTE OPERATES AS PAYMENT.—Whether a note, or even a check, is received in absolute payment of a debt, or merely as a recognition of the debt with an understanding as to time and terms of payment, are questions which, as between the parties, are determined by their agreement, and in the absence of an agreement to this effect the acceptance is not a payment of the debt.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Wm. T. Blakely, for Appellant.

R. L. Horton, for Respondent.

HENSHAW, J.—This is an action brought to foreclose a materialman's lien, plaintiff alleging that one Whalley was the owner and reputed owner of the land upon which the dwelling-house was built, and that it furnished lumber to him, at his special instance and request, to the value of $676.98. The answer of the Merchants' Trust Company denied that Whalley was the owner or reputed owner, alleged ownership in itself, and set out as a separate defense that it posted the written notice of non-responsibility contemplated by section 1192 of the Code of Civil Procedure, within ten days after it had knowledge that a building was being erected upon the property. Judgment passed for plaintiff and defendant appeals from that judgment and from the order denying its motion for a new trial.

1. The lot upon which the dwelling-house was erected was one of a tract owned by defendant, of which tract the firm of Holmes-Walton Company was the selling agent. A written contract was entered into with Whalley which was in all respects a contract for purchase and sale, saving that it contained the following clause, signed by Whalley: "I agree that the above is not to be considered a contract for the sale of said land." It is unnecessary to enter into a discussion of the legal effect of this contract. Certain it is that under it Whalley entered into possession of the land with the knowledge of defendant, held himself out as the owner of the land to plaintiff and to others, made contracts for the erection of the building on the land, and caused the work of construction of this building to be begun. There was here sufficient evidence of reputed ownership.

2. Not only was Whalley thus in possession with the knowledge of the defendant (through its agent), but the defendant is charged with knowledge of the construction of the building by Whalley. One Braun was the "tract agent" of the Holmes-Walton Company, the agency for the sale of these lots. He had an office upon the tract, visited the property daily, and from his office there was a plain view of the building in process of construction upon the land. Mr. Holmes of the Holmes-Walton Company testified that the entire selling of the tract was left to this agent, and that he was informed by the agent that the building had been commenced, and subsequently that the work had been stopped. If it can be

CLXII Cal.—8

said that these facts in any way fall short of actual knowledge, they are ample evidence of circumstances sufficient to put a prudent man upon inquiry, which, under the authorities, is enough to charge the true owner under section 1192 of the Code of Civil Procedure. (*Evans* v. *Judson,* 120 Cal. 282, [52 Pac. 585] ; James on Liens, sec. 117.) They are of course, sufficient under section 19 of the Civil Code. (*Moore* v. *Jackson,* 49 Cal. 109; *Santa Monica* v. *Hege,* 119 Cal. 376, [51 Pac. 555] ; *Hines* v. *Miller,* 122 Cal. 517, [55 Pac. 401] ; *Prouty* v. *Devin,* 118 Cal. 258, [50 Pac. 380].)

3. Whalley gave his note to secure the payment of the amount due to plaintiff. It is contended that this note was given and received in full satisfaction of the claims of plaintiff, and thus constitutes a payment releasing the defendant. Whether a note, or even a check, is received in absolute payment of a debt, or merely as a recognition of the debt with an understanding as to time and terms of payment, are questions which, as between the parties, are determined by their agreement, and in the absence of an agreement to this effect the acceptance is not a payment of the debt. (*Brewster* v. *Bours,* 8 Cal. 502; *Comptoir etc.* v. *Dresbach,* 78 Cal. 20, [20 Pac. 28] ; *Savings Society* v. *Burnett,* 106 Cal. 514, [39 Pac. 922] ; *Durfee* v. *Seale,* 139 Cal. 603, [73 Pac. 435].) The note itself gives evidence that it was not reecived in payment of the debt, but was no more than a recognition of the debt and a promise to make monthly payments on account of it. The finding against payment is, therefore, justified.

For these reasons the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.