[Civ. No. 5623. Second Appellate District, Division Two.—December 5, 1929.]

JAMES O. TAYLOR et al., Appellants, v. WILLIAM J. KING et al., Respondents.

Frank L. Rabe and Frank M. Smith for Appellants.

Nichols, Cooper & Hickson for Respondents.

THOMPSON (IRA F.), J.—The plaintiffs were the general contractors for the erection of a building for the defendant Wm. J. King. This action was brought for the purpose of foreclosing a mechanic's lien for the last payment in the sum of $5,700. Judgment was rendered for the defendants and plaintiffs prosecute this appeal.

The contract, after stating the times for and the amounts of the first three payments, reads with respect to the final payment as follows:

"4. In payment of five thousand seven hundred 00/100 dollars (5700.00/100) to be paid on the following terms and conditions: One promissory note of $5,700.00/100 due 60 days after completion of building, said $5700.00/100 note secured by 30 Royalty Trust Fund Certificates at $500.00/-100 each and 150 shares of common stock of National Vacant Seat Indicator Company at $100 per share par. Said note and securities to be deposited with R. Bruce Find-·lay, trustee, at American National Bank, Pomona, Cal. Said securities to be sold at their par value. The first $5700.00/100 received by said trustee from the sale of said securities to be used to liquidate $5700.00 note. The sale of said securities to begin at the time the foundation is complete. Sale of said securities shall be prosecuted by W. J. King and associates or assigns, said Royalty Trust Fund Certificates and said common stock to be sold prior to the sale of any other Trust Fund Certificates or common stock, except that which is set aside for the employees." The trial court has found that after the execution of the agreement "the plaintiffs proceeded with the construction of a building as provided in said written agreement and to completion thereof substantially as in said agreement provided. That said building was completed on the 26th day of January, 1925, and that on said date said William J. King executed and deposited with the plaintiffs a notice of completion thereof and on said last named date executed his said promissory note for $5700.00 and delivered same to plaintiffs and plaintiffs received and accepted same. That plaintiffs understood that such note was not to be executed until the time of the completion of the building. That said note was dated the 26th day of January, 1925, and was due and payable sixty days after the date thereof. That said William J. King did not at that time or at any time deliver to the plaintiffs or to R. Bruce Findlay the securities or any of them as enumerated and described in said written agreement as heretofore set forth." And also we have before us a finding to the effect that appellants after holding the note for more than thirty· days surrendered it to the respondent King and informed him they would look to the Mechanic's

Lien Law for the payment of the sum of $5,700, and did accordingly file their claim of lien therefor on April 1st. We quote another important finding as follows: ''That the plaintiffs herein waived any and all right on their part to claim a mechanic's lien upon said premises and agreed to accept and did accept said promissory note of said defendant, William J. King, in payment, settlement and satisfaction of all balance to be paid them for the construction of said building.'' While the sufficiency of the evidence to sustain this finding of the court is not under attack by the appellants, they contenting themselves with the argument that the giving of a note does not extinguish the indebtedness and consequently does not constitute a waiver of the lien right, we must give the substance of other findings in order that we have a just understanding of the circumstances surrounding the making of the contract and the execution and acceptance of the note. They are in effect as follows: That prior to the commencement of work or the furnishing of any materials the respondent King had made arrangements to borrow from the respondents American Savings Bank of Pomona $5,500 and R. Bruce Findlay, as trustee, the sum of $5,000, and to give to them in the order named first and second trust deeds to secure the repayment of the sums so loaned; that $700 of the amounts borrowed was to be used in the purchase of the real property and the remainder in making payments to the contractors; that the three respondents making these arrangements informed the plaintiffs that the American Savings Bank and R. Bruce Findlay expected to receive first and second liens on the premises and that no work was to be performed until the trust deeds had been recorded; that certain tools were delivered to the job on November 7th and work actually commenced on November 10th, the day on which the trust deeds were in fact executed and recorded; that recordation was after the excavation of some portion of the trench for the foundation of the building.

As already suggested, the appellants contend that they did not waive their lien rights by taking a note and argue that the acceptance of a note does not, in the absence of an express agreement, operate to discharge or extinguish the debt. There can be no doubt upon the statement of the general rule of law contained in counsel's argument, but it

does not necessarily follow that the trial court was in error in finding an express agreement to discharge the debt and thus waive the lien. Without reviewing the testimony let us observe that the contract says: "4. *in payment* of five thousand seven hundred 00/100 dollars (5700.00/100) *to be paid* on the following terms and conditions: One promissory note of $5700.00/100," etc. Let us also have in mind the circumstances, to wit: that the respondents, the American Savings Bank and R. Bruce Findlay, as trustee, were advancing on notes to be secured by trust deed liens the money necessary to complete payments for the realty and build the structure; that the respondents had informed plaintiffs that the trust deed liens were to be placed upon the premises and that no work was to be done until they had been recorded. It seems apparent from these findings of the court that it was justified in deducing from the circumstances under which the agreement was executed that the parties had an express understanding that the note was to be accepted in payment; and in fact that the written agreement was to be so construed.

There is the further finding that the plaintiffs received and accepted the note. This, therefore, is tantamount to a finding by the court that the obligation which it is sought to foreclose was paid. While it is true that the court finds that the securities were not delivered either at the time the note was delivered or thereafter, it is to be noted that there is no finding that respondent King refused to deliver. Applying the well-known rule that the findings must be liberally construed so as to support the judgment (*Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]), we are forced to conclude that the court intended to find that the note was received in payment regardless of the delivery of the securities. And since we are not pointed to the insufficiency of the evidence to support the findings, if in fact it is insufficient, the judgment must stand.

Judgment affirmed.

Craig, Acting P. J., and Burnell, J., *pro tem.,* concurred.