[Civ. No. 8048. First Appellate District, Division Two.—November 18, 1931.]

PETROLEUM EQUIPMENT COMPANY (a Corporation), Respondent, v. R. R. HORWITZ et al., Defendants; L. G. CLARK, Appellant.

Bernard Potter for Appellant.

Hibbard & Kleindienst and H. P. Hibbard for Respondent.

STURTEVANT, J.—This is an appeal by the defendants from a judgment foreclosing a mechanic's lien. The evidence showed, and the trial court found, that the plaintiff sold to the defendants a quantity of metal casing which the defendants used in sinking an oil-well; that at the time of the purchase the defendants paid down in cash about one-half of the purchase money and that they also executed three several trade acceptances; that they paid one of them; that they have not paid the others; and that the defendants have not paid the balance due and owing on the purchase price. ■ The defendants claim that the acceptances were given and accepted as payments. The plaintiff replies that the trial court made a finding that they were not. In the case of *National Lumber Co.* v. *Whalley,* 162 Cal. 224, at page 226 [121 Pac. 729, 730], the court said: "Whalley gave his note to secure payment of the amount due to plaintiff. It is contended that this note was given and received in full satisfaction of the claims of plaintiff, and thus con-

stitutes a payment releasing the defendant. Whether a note, or even a check, is received in absolute payment of a debt, or merely as a recognition of the debt with an understanding as to time and terms of payment, are questions which, as between the parties, are determined by their agreement, and in the absence of an agreement to this effect the acceptance is not a payment of debt.'' It is not claimed that the quotation is not an exact statement of the law applicable to the point. It is not claimed that any one of the acceptances had written thereon any statement in the nature of an express promise that it was or was not given as an absolute payment. As to whether there was any collateral agreement on that subject or whether there was any implied agreement on that subject, the trial court received parol evidence. At least one witness testified flatly that there was no collateral agreement between the parties whether the acceptances were or were not given as absolute payment. At most it can merely be claimed that there was a conflict in the evidence. But even if that be true the conflict was addressed to the trier of the facts and the finding may not be disturbed by a court of review.

██ The plaintiff called as a witness under Code of Civil Procedure, section 2055, R. R. Horwitz, one of the defendants. As between the date of the purchase and the date of the commencement of the action, he testified that he had several accounts with the Seaside National Bank. On cross-examination he was asked by his own counsel, ''During this period of time you had considerable balance in this bank?'' The trial court sustained an objection to the question. The ruling was correct. The pleadings presented no such issue.

At another place in his cross-examination his counsel asked Mr. Horwitz: ''Is that the reason you did not pay them, because they were not presented to you?'' The trial court also sustained an objection to that question. For the same reason that the other ruling was correct, the last-mentioned ruling was also correct. We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.