[Civ. No. 4547.  Third Appellate District.—May 20, 1932.]

LLEWELLYN IRON WORKS (a Corporation), Appellant,
v. WILLIAM G. REED et al., Respondents.

Loeb, Walker & Loeb for Appellant.

Joe Crider, Jr., John M. Martin and Frank L. Martin, Jr., for Respondents.

JAMISON, J., *pro tem.*—Appellant states in its opening brief that although in form this appeal is from the whole of the judgment, it is in fact directed only to so much of said judgment as denies appellant any recovery against respondents William G. Reed, Breakers Hotel Company and Metropolitan Casualty Insurance Company. The action was commenced originally by appellant to foreclose mechanics' liens and also to recover from the surety on the bond executed by said Metropolitan Casualty Insurance Company. This case was consolidated, for trial, with numerous other cases. Those cases have been disposed of and the only matter to be considered on this appeal is the personal liability of the three respondents heretofore named.

The facts are as follows: On September 25, 1925, the Breakers Hotel Company entered into a contract, hereafter referred to as the original contract, with William G. Reed, as contractor, for the erection of a hotel building in the city of Long Beach, the contract price being $847,269.20, of which

all except $105,000 was to be paid in current funds and for the remaining $105,000 five promissory notes were to be executed secured by deed of trust on the Breakers Hotel property, same to be subject to a deed of trust and chattel mortgage for $105,000 in favor of Fred B. Dunn. At the same time the said Insurance Company executed a labor and material bond in the sum of $650,000. Appellant, on February 6, 1926, entered into a written contract with Reed to furnish the labor and material for, and install, four elevators in the said hotel building for the agreed price of $48,900, of which $43,900 has been paid, leaving a balance unpaid, as claimed by appellant, of $5,000.

On April 21, 1926, the Breakers Hotel Company entered into a contract with appellant for the installation of an additional passenger elevator in said hotel building at an agreed price of $3,200, $1200 to be paid when the elevator was in running order, ready for power and the remaining $2,000 commencing at the same time, to be taken in the form of a legal note, to run for one year and to be signed by the Breakers Hotel Company and indorsed by Fred B. Dunn.

The complaint contains three counts, the first being for the $5,000 and $67.38 extras; the second for the said sum of $3,200, and the third for $144.50 for extras furnished under the original contract.

Judgment was rendered in favor of appellant against the Metropolitan Casualty Insurance Company for the sum of $67.38 on the first cause of action and for $144.50 on the third cause of action and against the Breakers Hotel Company for $1200 on the second cause of action, and foreclosing appellant's mechanic's lien for the $1200. From this judgment appellant prosecutes this appeal.

Appellant contends that the court erred in its findings to the effect that the $5,000 alleged to be owing it from respondents has been paid, and that it is estopped from now claiming that it is unpaid.

The original contract between the Breakers Hotel Company and Reed was filed for record on October 2, 1925. Said contract provided that:

"Eighteenth: Except as expressly agreed to the contrary in this paragraph, all payments hereunder from the Owner to the Contractor shall be in current funds. It is understood and agreed, however, that the Owner shall pay the

Contractor and the Contractor will accept, in lieu of payments in current funds above provided for, five (5) promissory notes of the Owner, totaling, in principal amount, One Hundred Five Thousand Dollars ($105,000.00), secured by a deed of trust from the owner, as Trustor, to the Pacific-Southwest Trust & Savings Bank of Long Beach, California, as Trustee.''

The bond of the Metropolitan Casualty Insurance Company, which was recorded on October 2, 1925, recites the fact that of the contract price of $847,269.20, $105,000 thereof was to be paid by promissory notes of Reed. The contract of appellant and Reed provided that the payments should be made as follows:

"Ninety per cent (90%) of all labor and material to be paid on or before the 15th of the following month, making a total of $43,900.00. The balance, or last payment, of $5,000.00, when the elevators are in running order, or ready for power, and to be taken in the form of a second mortgage note, running two (2) years, at seven per cent (7%) per annum, signed by the Breakers Hotel Corporation. Said mortgage note to be secured by the property of the Breakers Hotel.''

Respondents claim that for the purpose of complying with the terms of this contract Reed delivered to the appellant five one thousand dollar assignments of interest in and to the second deed of trust notes referred to in the original contract, and these second deed of trust notes were, by order of the court deposited with a trustee for the use and benefit of appellant and other holders of beneficial interest therein. The law is established in this state that the acceptance of a note for a debt, in the absence of an agreement that it shall operate as a payment thereof, does not extinguish the debt. (*National Lumber Co.* v. *Whalley,* 162 Cal. 224 [121 Pac. 729]; 20 Cal. Jur. 920.)

This general rule does not require, however, that in order to constitute the giving of a note as a payment that there shall be expressed words or writing that the note is taken in payment. The circumstances and the conduct of the parties may show that the note is taken in satisfaction of a debt, or estop the creditor from claiming the contrary. (20 Cal. Jur. 925; *Kress* v. *Tooker-Jordan Corp.,* 103 Cal. App. 275 [284 Pac. 685]; *Taylor* v. *King,* 102 Cal. App. 361 [282

Pac. 1017]; *Swan* v. *Smith,* 102 Cal. App. 541 [283 Pac. 829].)

■ The said assignments were delivered to appellant on October 21, 1926, and were received and retained by it until the time of the trial. On December 20, 1926, two months after their receipt by appellant it wrote the following letter to the Breakers Hotel:

"In reply to your letter of December 18, we wish to advise that Mr. William G. Reed gave us five assignments of beneficial interest of $1000.00 each, making a total of 5/35 interest in trust deed note dated September 25, 1925, due on or before June 15, 1928, signed by Breakers Hotel Co., payable to the order of William G. Reed or order, bearing seven per cent interest from June 15, 1926.

"As far as we can ascertain at the present time, besides the above assignments which have not been accepted by the Pacific Southwest Trust & Savings Bank, Trustee, our records show that Mr. Reed's account has been paid in full on this job.

> "Yours very truly,
> "LLEWELLYN IRON WORKS
> "By H. C. CRANFILL
> "H. C. CRANFILL
> "Auditor."

The court found that appellant had actual and constructive notice of the terms and provisions of the original contract at the time it entered into the contract with Reed and knew that a portion of the price agreed upon for the construction of the hotel building was to be paid for in secured notes, and with that knowledge accepted and retained the said assignments of interest in said notes to the amount of $5,000 as a payment on the agreed price for the installation of the four elevators. We are of the opinion that these findings are sufficiently supported by the evidence.

■ The second cause of action is for the installation of one elevator at the agreed price of $3,200. The court found that $2,000 of the contract price was received by appellant during the latter part of 1926 in the form of a note; that said note was delivered to and received by appellant as payment on said contract in the sum of $2,000.

Respondents rely for support of this finding upon the language used in this contract for the single elevator, which is

to the effect that $1200 will be paid when the elevator is in running order and the remaining $2,000 to be taken in the form of a legal note commencing at the same date and to become due in one year, said note to be signed by Breakers Hotel Company and indorsed by Fred B. Dunn.

It also provided that appellant should retain the title and possession of the machinery used in carrying out this contract until final payment shall have been made. We are of the opinion that there is not sufficient evidence to support this finding of the court, nor any facts proved from which any reasonable deductions can be made that this note was taken as a payment. ■ Respondents contend, and the court so found, that this contract between appellant and the Breakers Hotel Company was an independent contract between said parties, in no manner forming a part of the original contract; that this contract, which was entered into between appellant and the Hotel Company about two and a half months after appellant had contracted with Reed for the four elevators, was made without the knowledge or consent of Reed or the said Surety Company.

The original contract between Reed and the Hotel Company called for four elevators only and appellant's contract with Reed was for these four elevators. Without consulting Reed and without his knowledge or consent appellant contracted with the Hotel Company for this additional elevator, nor did Reed install nor assist in, nor authorize, its installation.

Appellant concedes that one who furnishes material to a subcontractor cannot recover from the general contractor, for in such case there is no contractual privity which would fix the obligation upon the general contractor (citing *Kruse* v. *Wilson,* 3 Cal. App. 91 [84 Pac. 442]), but it contends that one furnishing material in such cases is entitled to recover from the general contractor's statutory surety. (Citing *Hammond Lumber Co.* v. *Willis,* 171 Cal. 565 [153 Pac. 947], and *Williams* v. *Tingey,* 26 Cal. App. 574 [147 Pac. 584].) In both of these cases the labor and material were furnished in carrying out the requirements of the contract.

While it is true that a surety on the contractor's bond is liable for the labor performed and the material furnished in the performance of the contract, in the case under consideration there was no provision in the original contract for the

installation of this fifth elevator, and the authority for its construction was not agreed upon or authorized by the parties to the original contract. The conditions of the contractor's bond were to the effect that Reed should perform all of the work contracted to be performed by him under the contract and pay or cause to be paid all persons performing labor upon or furnishing material to be used in such work. The labor and material furnished in the installation of this fifth elevator was not performed under the original contract, formed no part of it, and was entirely separate and independent matter. Such being the case, neither the contractor nor his surety was liable for the labor performed or material furnished in the construction of this fifth elevator.

Section 2836 of the Civil Code provides that a surety cannot be held beyond the express terms of his contract, nor can it be extended by implication. (*Roberts* v. *Security T. & S. Bank,* 196 Cal. 557 [238 Pac. 673].)

It is ordered that the judgment be modified so as to decree that appellant shall have judgment against the Breakers Hotel Company for $3,200 on its second cause of action, and as so modified the judgment is affirmed. Appellant to recover costs of appeal from the Breakers Hotel Company.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 18, 1932.