[Civ. No. 1252. Fourth Appellate District.—April 11, 1934.]

HERBERT F. KERN et al., Appellants, v. C. V. HENRY et al., Respondents.

J. E. Trabucco and Vincent Surr for Appellants.

C. W. Braswell, Farnsworth, Burke & Maddox and James K. Abercrombie for Respondents.

BARNARD, P. J.—In March, 1928, the defendants purchased from the plaintiffs a certain tract of land, the deal being handled through an escrow. The escrow instructions recited that the purchase price of the property was $100,000, payable as follows: $26,000 by the delivery of a deed of trust executed by third parties covering an apartment house in Long Beach, $4,000 by the conveyance of other real property, $500 in cash, and the balance of $69,500 to be secured by a note and deed of trust on the property sold, to be executed by the defendants. In relation to the $26,000 trust deed referred to, the escrow instructions provided that the defendants would deliver to the escrow agent the note and trust deed, with a policy of title insurance and a policy of

fire insurance, and that: "There will also be delivered with said promissory note and said deed of trust such instruments as may be necessary to vest title thereto in the vendors and said promissory note will be duly endorsed by the vendees, and there will also be furnished therewith a statement from the makers of said promissory note and deed of trust that the said sum of twenty-six thousand dollars remains unpaid on said promissory note, and that interest has been paid thereon to a date not later than April 1, 1928, and that there are no defenses or offsets to said note."

Apparently the papers called for by the escrow instructions were delivered to the escrow agent and the escrow closed. At some time, and the evidence justifies the inference that it was immediately after the transaction was closed, one of the plaintiffs made objection to the defendants to the manner in which the third party note had been indorsed. That note had been indorsed as follows:

"Long Beach, Cal; March 28th, 1928

"For Value Received I hereby transfer, grant and assign to Herbert F. Kern, Reuben W. Kern, and Rose Kern Good, all my right, title and interest in the within note, together with all rights accrued and to accrue under the deed of trust securing same, so far as the same relate to this note, without recourse."

By consent and agreement of the parties the words "without recourse" were thereupon stricken out, the change being initialed by the defendants. Thereafter, the plaintiffs collected interest on said third party note up to July 1, 1930, although the principal sum became due on April 27, 1930. Nothing further was paid on the note and for nearly two years the plaintiffs made various attempts to collect from the makers thereof and the makers of the note made a number of attempts to secure extensions from the plaintiffs. Finally, on January 29, 1932, the plaintiffs had the Long Beach property sold under the trust deed, the same netting $9,183.28. No action to collect the deficiency was ever brought against the third parties, and no notice of any kind was ever given these defendants that there had been any default or that anything was expected of them until this suit was filed seeking to recover a balance of $18,354.76.

The complaint is in two counts, the first alleging an indebtedness in the amount named and the second alleging

that the plaintiffs sold to the defendants certain real property for the sum of $100,000; that the defendants assigned to the plaintiffs by way of conditional payment only, of a part of the purchase price, an indebtedness of third parties to the defendants in the sum of $26,000; that it was agreed between the parties that in the event the third parties failed to pay said sum of $26,000 the defendants would pay the same; and that it was agreed that said assignment of the third party indebtedness should not constitute a payment of defendants' debt to plaintiffs save, except and only to the extent that plaintiffs should collect thereon from the third parties prior to the date the same became due. Issue was joined and the action was tried upon the theory that the transfer and assignment of this third party indebtedness was by way of conditional payment only, and that the same was not accepted by the plaintiffs as a payment to that extent upon the purchase price of the land. The court found in favor of the defendants, finding that they were not indebted to the plaintiffs in any amount and that the transfer of the note and trust deed to the plaintiffs was not made as a conditional payment but was made as an absolute payment to that extent upon the purchase price of the land being purchased by the defendants. From the judgment which followed the plaintiffs have appealed.

The appellants' theory seems to be that the respondents agreed through the escrow instructions to give an unqualified indorsement to the third party note, and that when the words "without recourse" were stricken from the indorsement as originally made, the respondents became liable as indorsers of this note. The points raised by the appellants, the citations and the argument all relate to the theory that the respondents are liable as such indorsers. These are of small assistance to the court and it would seem that the respondents may not be held here on a liability as indorsers on this note for the threefold reason that the pleadings show that the action was brought on the original indebtedness and not upon the note, that the transfer and assignment of all right, title and interest in the note and trust deed which remained after the words "without recourse" were stricken therefrom still constituted a qualified indorsement (*Kane* v. *Eastman,* 110 Cal. App. 753 [295 Pac. 63]; *Hammond Lumber Co.* v. *Kearsley,* 36 Cal. App.

431 [172 Pac. 404]), and that no presentment or notice of nonpayment sufficient to bind the respondents as indorsers was ever made or given. Under the circumstances here appearing, if respondents are liable at all, it is upon the theory that there was no agreement that the third party obligation should be taken as payment to that extent upon the obligation of the respondents, and that, for this reason, they are liable upon their original indebtedness.

It is well settled in this state that in the absence of an agreement of the parties, the transfer of a note of a third person does not extinguish the primary obligation. (*Kane* v. *Eastman, supra.*) It is equally well settled that where the parties have so agreed, the transfer and assignment of a note given by third parties constitutes a payment to that extent on the original debt of the transferor. (*Swan* v. *Smith,* 102 Cal. App. 541 [283 Pac. 829]; *Giant Powder Co.* v. *Fidelity & Deposit Co.,* 214 Cal. 639 [7 Pac. (2d) 1023].) It is also the rule that the circumstances and conduct of the parties may be sufficient to show an understanding that the third party obligation was accepted in satisfaction of the debt and that the question whether such a transfer was so taken is one of fact for the court or jury. (*Conde* v. *Dreisam Gold Min. Co.,* 3 Cal. App. 583 [86 Pac. 825]; *Swan* v. *Smith, supra; Taylor* v. *King,* 102 Cal. App. 361 [282 Pac. 1017].) The real question here presented is whether the evidence sustains the court's findings to the effect that it was the agreement and intention of these parties that the third party obligation transferred should be taken by the appellants as an absolute and not a conditional payment upon the purchase price of the land being sold by them to the respondents.

The appellants rely entirely upon the wording of the escrow instructions and on the fact that the words "without recourse" were stricken from the indorsement on the note as originally made. It is significant that while one of the appellants took the witness-stand, no word of testimony was given to the effect that it had ever been agreed between the parties that the transfer of the third party obligation was to be considered a conditional payment only. After the words "without recourse" were stricken from the indorsement on this note, the indorsement as thus amended purported to transfer and assign only the right,

title and interest of the respondents in the note and deed of trust securing the same and, under well-established rules, this remained a qualified indorsement. While the escrow instructions contained a clause that the respondents would deliver the third party note and that the same would be duly indorsed by the vendees, these instructions also clearly show that the sum of $26,000 of the indebtedness of the respondents was to be paid by the delivery of the third party note and the deed of trust securing the same. In great detail the instructions provide that the respondents were to deliver the note duly indorsed and deliver the deed of trust, with a policy of title insurance showing the same to be a first lien upon the property covered thereby, to deliver a policy of fire insurance, such instruments as might be necessary to vest title in the note and deed of trust in the vendors, and also a statement from the makers of the note and deed of trust to the effect that the principal sum remained unpaid, that no advance interest had been paid, and that there were no defenses or offsets to the note. ▮ It will also be observed that while a deed of trust upon the property sold was given to secure the payment of what is denominated the "balance of the indebtedness", this balance is named and is exclusive of the amount which it is provided shall be paid by the transfer of the third party indebtedness.

It appears from the evidence that the escrow instructions were prepared by the attorney for the appellants. The appellants' agent, who negotiated the deal, testified that when he first approached the respondents and endeavored to sell the land to them the respondents refused to entertain the proposition unless they could sell and obtain the money for the note and trust deed in question; that thereafter the respondents attempted to sell this third party obligation to a bank but were unsuccessful; that subsequently the respondents consented to proceed with the deal upon the condition that the appellants would accept the third party note and trust deed as a payment of $26,000 on the purchase price; that the agent submitted this proposition to the appellants and they told him they would investigate the property in Long Beach for the purpose of ascertaining the value of the security; that later the appellants assented to the proposition and escrow instructions were prepared and the deal finally consummated. One of the respondents tes-

tified to the same essential facts, that the agent reported to him that the deal was satisfactory to the other parties on that basis, and that the escrow instructions were then signed. There is uncontradicted evidence to the effect that the property covered by the third party trust deed was sold at a trustee's sale and purchased by the appellants for $10,000 at a time when it was reasonably worth $30,000, that after the note became due they carried on negotiations with the makers thereof and attempted to collect from them for a period of nearly two years before proceeding to sell the property; and that at no time prior to the filing of this suit were the respondents given any notice that the note had not been paid or that the appellants expected to look to them for the payment of the same.

The agreement of the parties, as set forth in the escrow instructions, contains one ambiguity in that the clause that the note shall be ''duly endorsed'', if interpreted as calling for an unqualified indorsement, seems to conflict with the other provisions plainly indicating an intention that the note and trust deed were to be so assigned as to vest title thereto in the appellants, and that the same was to constitute a payment in the amount of the face of the note. It may reasonably be inferred from the wording of the instructions and from the change in the indorsement on the note, which was later requested and accepted by the appellants, that the intention was merely to provide completely for the assignment of the third party obligation, and that the change in the indorsement was asked for and made merely to carry out that purpose and to eliminate any language which might seem to throw any doubt on the value of the note. In view of the uncertainty in the language used, resort was properly had to other evidence, as to what the agreement was and what was thereafter done by the parties, which throws considerable light on the problem. The essential question presented to the trial court was one of fact and the evidence sustains the findings made.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 31, 1934.