[No. 14371. Department Two. — September 19, 1891.]

J. G. MILLER, APPELLANT, v. I. N. SEARS ET AL., RESPONDENTS.

DEED — DELIVERY — ESCROW — TITLE TO BE SETTLED. — The deposit of a deed with a third person, by one of the parties to a contract for the exchange of lands, to be delivered to the other party to the contract as soon as the question of title to the lands should be settled to the satisfaction of the contracting parties, does not constitute a delivery in escrow.

ID. — CONCLUDED SALE ESSENTIAL TO ESCROW. — An actual contract of sale on the one side and of purchase on the other, definitely assented to by both parties, is essential to a delivery in escrow.

ID. — DEEDS OF EXCHANGE — CONTROL OF GRANTOR — DEPOSITARIES. — Where deeds of exchange were left with a third party to be delivered by him to each grantee when "everything was all right and perfected," and it is not shown that the matter was to be determined in any other manner than by the future agreement of the parties themselves, the delivery of the deeds to such third party is not absolute and beyond the control of the grantors, and he holds them, not in escrow, but as a mere depositary, each instrument being subject to the direction of the grantor named therein.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Gould & Stanford*, for Appellant.

There was no delivery of the documents in escrow, as the evidence shows that defendants were the mere depositaries of the papers; that they or one of them was the agent of appellant in his dealings with the party to whom the papers were executed; that he never intended a delivery in escrow; that the papers were subject to his

order; that the all-important features of the contemplated trade were left undetermined, — the question of title, possession, etc.; and that defendants had no authority to deliver the papers as understood even by themselves and the party interested. (*Fitch* v. *Bunch,* 30 Cal. 211; *Bank of Healdsburg* v. *Bailhache,* 65 Cal. 331; Devlin on Deeds, secs. 308, 312, 313, 316, 318, 321–324, 333.)

*Albert M. Stephens,* and *E. W. Sargent,* for Respondents.

A grant may be deposited by the grantor with a third person to be delivered on performance of a condition, and on delivery by the depositary it will take effect. It is called an escrow. (Civ. Code, sec. 1057.) No authorities are needed to sustain the proposition that when contracting parties place their several instruments in escrow, neither can revoke the delivery except for breach of condition.

DE HAVEN, J. — This is an action to recover the possession of certain described instruments consisting of a note, mortgage, and two deeds, each signed by the plaintiff, and alleged to have been deposited with the defendants.

The plaintiff was nonsuited, and the question before us is, whether the testimony of plaintiff was such as to show that the documents in controversy were delivered by him to defendants in escrow, as claimed by them.

We think the fair import of the testimony is to the effect that plaintiff had made an agreement, subject to further consideration as to title, with one Stimson and a Mrs. Buttner, for the purchase of certain property from them, and the sale by him of certain lots to them, and as part of this transaction the note, mortgage, and deeds of plaintiff, and the deed of Stimson and Mrs. Buttner for plaintiff, were signed and left with defendants, to be delivered "when everything was all right and perfected." Upon this point the plaintiff testified: "I said to Mr. Sears: You take these papers, and when everything is all right and perfected, you give these papers to me, and

these others to him. That was the agreement. . . . .
The transaction was not completed on that day, because
we had no abstract of title at the time; we knew nothing
about the titles, and we had to leave that to after con-
sideration. If it had been perfect, of course we should
have handed over the papers." Upon this state of facts,
it cannot be held that plaintiff's papers were delivered to
the defendants as an escrow. There was no contract of
sale concluded between the plaintiff and the other parties
to the negotiation, as the question of title remained to
be settled to the satisfaction of the contracting parties.
This fact alone is fatal to the contention of respondents
that they held the documents in controversy as an es-
crow. The law upon this point is very clearly stated by
Mr. Justice Rhodes, in delivering the opinion of this
court in *Fitch* v. *Bunch*, 30 Cal. 209, as follows: "An es-
crow differs from a deed in one particular only, and that
is, the delivery. Not only must there be sufficient par-
ties, a proper subject-matter, and a consideration, but
the parties must have actually contracted. . . . . The
actual contract of sale on the one side, and of purchase
on the other, is as essential to constitute the instrument
an escrow as that it be executed by the grantor; and
until both parties have definitely assented to the con-
tract, the instrument executed by the proposed grantor,
though in form a deed, is neither a deed nor an escrow;
and it makes no difference whether the instrument re-
mains in the possession of the nominal grantor or is
placed in the hands of a third party, pending the pro-
posals for the sale or purchase."

But in addition to this, we do not think that it can be
held, upon the facts above stated, that the defendants were
given the right to deliver these papers without further
direction from the plaintiff. The delivery was not ab-
solute and beyond the control of the plaintiff. There
was to be no delivery to the other parties until "every-
thing was all right and perfected," and as there is noth-
ing in the evidence to indicate that this matter was to
be determined except by the future agreement of the

parties themselves, it follows that defendants held the documents in controversy as mere depositaries subject to the future direction of the plaintiff, and were not authorized to do anything with them until notified by plaintiff that he was satisfied with the title he was to receive. For this reason, also, it must be held that the evidence does not show a delivery of these instruments in escrow. (*James* v. *Vanderheyden,* 1 Paige, 386.)

It follows from the foregoing views that the court erred in granting the motion for nonsuit.

Judgment and order reversed.

McFARLAND, J., and BEATTY, C. J., concurred.