## MALOTT & PETERSON v. STREET.

(Circuit Court of Appeals, Ninth Circuit. April 6, 1925.)

No. 4318.

1. **Bankruptcy** 🔑**192—Service of notice on owner to withhold payment from contractor would give materialman lien, unaffected by debtor's subsequent bankruptcy.**

Under Code Civ. Proc. Cal. § 1184, notice served on owner by materialman to withhold payment from contractor would, in proper case, give lien unaffected by debtor's subsequent bankruptcy.

2. **Bankruptcy** 🔑**164—Mechanics' liens** 🔑**113(2)—Materialman, attempting to intercept money due from original contractor to subcontractor, held to acquire no lien; trustee held entitled to recover money paid as preference.**

Where materialman, who furnished materials to subcontractor, took none of the steps required by Code Civ. Proc. Cal. §§ 1183, 1184, 1184a, 1197, but·merely served notice on original contractor to withhold payment from subcontractor, he acquired no lien, and bankruptcy trustee was entitled to recover from materialman money received on judgment against subcontractor as preference, under Bankruptcy Act, § 60 (Comp. St. § 9644).

3. **Bankruptcy** 🔑**200(3) — Attachment lien, secured within four months prior to filing of involuntary petition, held voidable by bankruptcy trustee.**

Attachment lien in aid of materialman's action against bankrupt subcontractor commenced within four months prior to filing of involuntary petition was voidable by bankruptcy trustee, under Bankruptcy Act, § 60 (Comp. St. § 9644); materialman having no lien as such.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Maurice T. Dooling, Judge.

Action by E. C. Street, as trustee of the estate and effects of the Watsonite Products Company, against Malott & Peterson, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

George J. Steiger, of San Francisco, Cal., for plaintiff in error.

Robert B. Gaylord, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 1183 of the Code of Civil Procedure of California provides that mechanics, materialmen, contractors, subcontractors, and others, per-·forming labor upon or furnishing materials to be used in the constuction, alteration, addition to, or repair, either in whole or in part, of any building, or other structure therein enumerated, shall have a lien upon the property upon which they have bestowed labor or furnished materials for the value of such labor done and materials furnished, whether at the instance of the owner or of any other person acting by his authority or under him as contractor or otherwise.

Section 1184 provides that any of the persons mentioned in the preceding section, except the contractor and all persons, firms, and corporations, excluding the contractor,

performing work or furnishing materials, or both, upon any public improvement, including highways, streets, wagon roads, viaducts, or sewers, may at any time, prior to the expiration of the period within which claims of lien must be filed for record, give to the owner a notice that they have performed labor, or furnished materials, or both, to the contractor or other person acting by the authority of the owner, or that they have agreed to do so, stating in general terms the kind of labor and materials and the name of the person to or for whom the same was done or furnished, or both, and the amount in value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done or furnished, or both, and any of said persons who shall on written demand of the owner refuse to give such notice shall thereby deprive himself of the right to claim a lien under the act in question. It is further provided that, upon such notice being given, it shall be lawful for the owner to withhold, and in the case of property which, for reasons of public policy or otherwise, is not subject to liens as therein provided, the owner or person who contracted with the contractor shall withhold, from his contractor sufficient money and bonds, where bonds are to be issued in lieu of money by the political subdivision which contracted for said work, due or that may become due to such contractor, to answer such claim and any lien that may be filed therefor.

Section 1184a provides that no action to enforce the payment of any such claim shall be commenced against the owner prior to the expiration of the period within which claims for lien must be filed for record, nor shall any such action be commenced later than the expiration of 90 days following the expiration of such period. Notice of such proceedings shall be given or filed within 5 days after the commencement thereof to the same persons and in the same manner as provided in section 1184, with respect to notice of claim. Provision is then made for the joinder of parties, impleading claimants, and for pro rata distribution, where the money withheld is not sufficient to satisfy the claims of all.

Section 1187 provides that the original contractor must file his claim of lien with the county recorder of the county within 60 days after the completion of his contract, and every person save the original contractor within 30 days after the completion of the work or improvement.

Section 1197 provides that nothing contained in the act shall be construed to impair or affect the right of any person to whom any debt may be due for work done, or materials furnished, to maintain a personal action to recover such debt against the person liable therefor, and the person bringing such personal action may take out an attachment therefor, notwithstanding his lien, and in his affidavit to procure an attachment need not state that his demand is not secured by a lien; but the judgment, if any, obtained by the plaintiff in such personal action shall not be construed to impair or merge any lien held by the plaintiff: Provided, only, that any money collected on the judgment shall be credited on the amount of the lien in any action brought to enforce the same.

July 15, 1920, the Watsonite Products Company, now a bankrupt, entered into a contract with the Foundation Company, the original contractor, to install what is known as Watsonite mastic roof and floor in a building then under construction for and owned by the Coast Tire & Rubber Company, of Oakland, Cal. On September 20, 1920, the Products Company entered into a contract with Malott & Peterson, under which the latter furnished certain materials and all the labor and equipment for the installation of the roof and floor. This latter contract was fully completed on or about October 31, 1920. On November 12, 1920, Malott & Peterson served the Foundation Company, the original contractor, with a written notice to withhold moneys from the bankrupt; but it is conceded by the parties that this notice did not satisfy the requirements of section 1184, supra. On the same day Malott & Peterson commenced an action in the superior court of the state against the bankrupt to recover the amount due under its contract, together with the additional amount of $800 due on a promissory note. In that action, a writ of attachment was sued out, and the original contractor, the Foundation Company, was garnished. On November 20, 1920, a second notice to withhold was served by Malott & Peterson on the Foundation Company. On January 22, 1921, by stipulation of the parties, judgment was entered in favor of Malott & Peterson, and against the bankrupt, in the sum of $6,244.84. On January 25, 1921, a writ of execution was issued on the judgment, and on February 16, 1921, the Foundation Company paid to the sheriff the sum of $5,022.81.

On February 25, 1921, an involuntary petition in bankruptcy was filed against the

Watsonite Products Company, and it was thereafter adjudicated a bankrupt. The present action was brought, under section 60 of the Bankruptcy Act (Comp. St. § 9644), by the trustee in bankruptcy, after his appointment, to recover the above payment as preferential, and from a judgment in his favor the defendant has prosecuted error.

The plaintiff in error contends that it had a choice of three different remedies given by the laws of California: First, it might, under section 1183 of the Code of Civil Procedure, file a lien against the real property on which the building was erected; second, it might, under section 1184 of the Code of Civil Procedure, serve notice on the owner to withhold; or, third, it might bring an ordinary civil action against the debtor personally liable for the debt. It further contends that it pursued the first and second of these remedies, and thereby acquired a lien which was not affected by the subsequent adjudication in bankruptcy.

[1, 2] No doubt, the plaintiff in error might have filed a lien against the property of the Coast Tire & Rubber Company; but it did not do so, and the time for filing such a lien had expired long before the adjudication in bankruptcy. Again, it might, in a proper case, serve notice on the owner to withhold, and pursue the remedy prescribed by section 1184, and by so doing it might acquire a lien which would not be affected by the subsequent bankruptcy of the debtor. Bates v. Santa Barbara County, 90 Cal. 543, 27 P. 438. But the plaintiff in error did not pursue this course. It served no notice on the owner; it brought no action against the owner; the action brought was so brought before the expiration of the time allowed by law for the filing of liens, in contravention of the statute; and no notice of the commencement of the proceedings was served or filed as required by the statute. In short, the plaintiff in error took none of the steps required by the statute to perfect its rights.

Furthermore the plaintiff in error attempted to intercept money due from the contractor to a subcontractor, and there is no warrant in the statute for any such proceeding. As said by the District Court of Appeal in Kruse v. Wilson, 3 Cal. App. 91, 84 P. 442: "Section 1184 of the Code of Civil Procedure, under which that case was decided, authorizes a materialman to intercept the moneys which may be coming from the owner to the contractor, but does not authorize the interception of any moneys due from a contractor to a materialman, and in order to

effect such interception the section requires him to give notice of his claim to the 'owner.' The plaintiff has not alleged that he gave any notice of his claim to the 'owner' of the building, or to the board of education or other authority by which its construction was authorized; the only notice alleged to have been given by him being to Newsom & Mc-Neil."

[3] Newsom & McNeil, in that case, were the contractors for the construction of the building, as was the Foundation Company in this case. For these reasons, the only lien acquired by the plaintiff in error was the lien of the attachment, and that lien was voidable at the election of the trustee under section 60 of the Bankruptcy Act.

Such was the conclusion of the court below, and its judgment is affirmed.