[Civ. No. 8241. First Appellate District, Division Two.—April 7, 1932.]

SUN LUMBER COMPANY (a Corporation), Appellant, v. HERMAN C. BRADFIELD et al., Respondents.

Glen Behymer for Appellant.

John F. Poole for Respondents.

SPENCE, J.—In this action to quiet title the trial court entered its decree quieting the title of plaintiff and appellant against defendants with the exception of respondents herein and as to said respondents it decreed that they had a valid materialman's lien upon the premises which was prior to the claim of said appellant. This appeal is taken upon the judgment-roll.

The property involved in this action is known as lot 237 of tract 5980 as per map thereof recorded in the records of Los Angeles County. Appellant claims as the purchaser on a foreclosure sale under the hereinafter mentioned deed of trust. Respondents claim a materialman's lien for materials used in the construction of the building on the premises. There is no controversy concerning either the regularity of the sale under the deed of trust or the regularity of the steps taken to perfect the materialman's lien.

Before discussing the merits of this appeal we deem it appropriate to state that appellant has failed to observe the requirements of rule VIII of the Rules for the Supreme Court and District Courts of Appeal. Appellant has made no attempt whatever to ''present each point separately, under an appropriate heading, showing the nature of the question to be presented''. This rule applies to all briefs regardless of length or number of points involved and under the provisions of the rule, failure to comply therewith may result in a dismissal of the appeal. This rule has been in effect for many years and has been called to the attention of the bar in numerous opinions. Dismissals may be required to compel its observance. In the present case, however, we are not inclined to take such drastic action as appellant's briefs are short and apparently raise the sole question of priority as between the deed of trust and the materialman's lien.

As the record on appeal embodies only the judgment-roll, we assume that it is appellant's contention that the findings of fact do not support the judgment. There is no merit in this contention. The trial court made findings to the effect that appellant ''is the owner'' of the premises; that the defendants other than respondents ''have no right, title, interest or claim whatsoever'' therein; and that respondents ''have a claim on said real property prior and

senior to the claim'' of appellant ''consisting of a valid and subsisting materialman's lien''. There were further findings, among which were findings following the allegations of the answer relating to the nature and amount of said lien.

Appellant seems to ignore the trial court's findings regarding the validity and priority of respondents' lien and probably does so on the theory that such findings are mere conclusions of law. These findings, although they are conclusions of law in the strict sense, may not be ignored. Under our system of pleading there are many instances in which certain conclusions of law may be pleaded as ultimate facts. The present action to quiet title is a typical example. In the complaint appellant alleged that it was ''the owner'' and that respondents had ''no right, title or interest'' in the premises. These are conclusions of law in the fullest sense, but no one would have the temerity to challenge their sufficiency as allegations of ultimate facts. In our opinion it was proper for respondents in their answer to set forth as they did the nature of their claim of lien and to allege as an ultimate fact ''that said claim of lien is now a valid and subsisting lien on said real property and a prior claim to that of plaintiff herein''. The issues were thus defined and the trial court's findings were responsive to all of the issues made by the pleadings. If the allegations referred to were sufficient as allegations of ultimate facts, it follows that the findings following the language of such allegations were sufficient as findings of ultimate facts. It has been held in an action to quiet title involving a defendant's claim of a judgment lien upon the premises that findings that defendant had ''no lien'' and that the judgment ''is not now and never has been a lien'' are sufficient as findings of fact. (*Dam* v. *Zink*, 112 Cal. 91 [44 Pac. 331].) In that case the court points out at page 93 that the only purpose of findings is to respond to the issues made by the pleadings, and ''if facts are stated in the findings in the same way in which they are stated in the pleadings they are sufficient''. (See, also, *Kohner* v. *National Surety Co.*, 105 Cal. 430, 440 [287 Pac. 510]; *Chaban* v. *Pittler*, 105 Cal. App. 205, 207 [287 Pac. 151].) Similarly, a finding that plaintiff ''has no prescriptive right'' has been declared to be one of fact. (*Weidenmueller* v. *Stearns etc. Co.*, 128 Cal. 623 [61 Pac. 374].) It is our conclusion that the findings in the present

case relating to the validity and priority of respondents' claim of lien were sufficient as findings of ultimate facts and if we are correct in this conclusion, these findings support the decree. If appellant was of the opinion that the evidence was insufficient to support these findings the evidence should have been brought up as a basis for challenging them. (*Weidenmueller* v. *Stearns etc. Co., supra,* p. 626.)

We now come to the consideration of the findings to which appellant does make reference. These findings involve certain dates, none of which were set forth in the pleadings. The trial court found that the deed of trust was recorded on December 3, 1926, and further found that the deed by which the trustors acquired title was dated November 26, 1926, was acknowledged December 6, 1926, but was not recorded until December 31, 1926. It is conceded as found by the trial court that respondents commenced to furnish the materials on December 7, 1926. In other words, these findings show that the deed of trust was recorded before respondents furnished the materials, but further show that the deed by which the trustors acquired title was not recorded for some time thereafter. It does not appear when this deed was delivered to the trustors. We find no conflict between these findings and the findings relating to priority of respondents' lien as it does not appear from these findings that the deed of trust *attached* prior to the time that respondents' lien *attached.*

Section 1186 of the Code of Civil Procedure provides: "The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have *attached* subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also, to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement, or structure was commenced, work done, or the materials were commenced to be furnished." A deed of trust is treated as a lien or encumbrance within the meaning of said section. (*Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 193, 200 [5 Pac. 85]; 25 Cal. Jur. 13.)

It is conceded that respondents' lien *attached* when they commenced to furnish materials on December 7, 1926. (*Sax*

v. *Clark,* 180 Cal. 287, 290 [180 Pac. 821].) It is obvious that said section 1186 was intended to give materialmen's liens priority in all cases over other liens and encumbrances which may have *attached subsequently* and also to give priority under certain circumstances over those which may have *attached previously.* Unless the findings referred to by appellant show the deed of trust *attached* previously and not subsequently, they cannot be said to be in conflict with the finding of priority of the materialmen's lien over the deed of trust.

The word "attached" has been variously defined, but it cannot be said that a deed of trust or mortgage has attached until the trustor or mortgagor has acquired title to the property. If the trustor or mortgagor never acquires title, the deed of trust or mortgage never attaches, but in case of after-acquired title, the deed of trust or mortgage attaches at the time that title is acquired. (17 Cal. Jur. 854, sec. 142.) The word "attached" as used in the first portion of the above section, has no relation to the recordation of the instrument creating the lien or encumbrance. An unrecorded deed of trust or mortgage duly executed and delivered by one having title may be said to have attached, but a recorded deed of trust or mortgage cannot be said to have attached if the trustor never acquires any title to the property. It may be observed that it has been held that no constructive notice is given by the recordation of such an instrument executed by a stranger to the record title. (*Bothin* v. *California Title Ins. Co.,* 153 Cal. 718, 723 [Ann. Cas. 1914D, 634, 96 Pac. 500].)

Appellant apparently concedes these propositions but contends that there is a presumption that the deed to the trustors was executed and delivered on the date which it bore, citing *Williams* v. *Belling,* 76 Cal. App. 610, at page 615 [245 Pac. 544]. Such presumption is disputable and from aught that appears in the record on appeal the evidence in the case may have been to the contrary. Here appellant is seeking to invoke a presumption to defeat the decree, but an appellate court will not indulge in presumptions for that purpose. It is well settled that every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgment of the trial court. (2 Cal. Jur. 852.) Appellant has failed to

bring up a record showing the evidence before the trial court, and it must be presumed in support of the decree that the evidence showed that the deed of the trustors was not delivered until after respondents commenced to furnish materials and that therefore the deed of trust did not attach previously but subsequently. This presumption is not contradicted by or inconsistent with anything found in the record and is entirely in accord with the trial court's finding of priority of respondents' lien.

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.