67 F.2d 140 (1933)
In re ZAFERIS BROS. & CO., Limited.
BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N
v.
SMALL.
No. 7040.
Circuit Court of Appeals, Ninth Circuit.
September 16, 1933.
Louis Ferrari, of San Francisco, Cal., and Edmund Nelson and G. L. Berrey, both of Los Angeles, Cal., for appellant.
Torregano & Stark and August B. Rothschild, all of San Francisco, Cal., for appellee.
Before WILBUR, SAWTELLE, and MACK, Circuit Judges.
MACK, Circuit Judge.
Appeal from an order of the District Court affirming an order of the referee disallowing a proved claim for $12,300 (all amounts are in round numbers) against the bankrupt until appellant should have surrendered an alleged preference of $8,500. Appellant's claim was based on a note of the bankrupt for $10,000 and an overdraft in the latter's account for the balance of $2,300. A few weeks before the petition in bankruptcy *141 was filed, and after appellant had several times pressed bankrupt to cover its overdraft which varied from day to day and at times exceeded $10,000, James Zaferis, stockholder in the bankrupt corporation who had guaranteed payment of all of bankrupt's obligations to the bank, transferred the balance in his personal savings account with the bank, $4,100, and delivered to it a cashier's check on another bank for $4,400, all of which was credited to bankrupt's account. The overdraft at that time was some $200 less than the amount thus paid, but large outstanding checks about which all the parties knew, caused the account to be considerably overdrawn before the close of business on that day. For this, James Zaferis accepted from bankrupt its unsecured note covering the amount of his savings account and the cashier's check. The referee and District Court held that the reduction of the overdraft by this transaction constituted a preference under U. S. C. title 11, § 96 (a), 11 USCA § 96 (a) (Bankruptcy Act § 60a).[1]
While appellant received a sum of money from Zaferis which satisfied part of the debt owed it by the bankrupt, other creditors did not suffer thereby. Two creditors were substituted for one, but bankrupt's total indebtedness was unchanged. Its estate was therefore unaffected by the transaction.
Appellee urges, however, that the corporation note evidences a borrowing by it from James Zaferis and therefore, though James Zaferis dealt directly with appellant, there was nevertheless a moment at which the sum loaned was in bankrupt's control; and that thus the payment to the bank was in law made by bankrupt.
The contention is untenable. True, in the negotiations that took place between James Zaferis and bankrupt's president, his brother, the proposed reduction was always spoken of as a loan to the bankrupt; and the payment was made at least in part because of James' anxiety to save the business. But the situation is entirely different from one in which a third person either as a volunteer or because of his own stake in the enterprise gives to the failing concern funds and a free hand to use them as general assets. In this case, the third person himself expended his funds specifically to relieve bankrupt's distress. So far as bankrupt was concerned, there was merely a transposition of credits. At no time were the credits, supplied by James, at the complete disposal of the corporation. James, as guarantor, was necessarily protecting himself as well as bankrupt by the payment to the bank. By the payment which must be deemed as made under the guaranty, he became subrogated to the bank's claim; the note which he took was but a formal recognition of the right thus acquired by him. That the Zaferis brothers, unfamiliar, as the referee observed, with English, did not go so far in their analysis of motives and legal consequences, cannot alter the essential character of the transaction, as a payment by a third person out of his own funds.
It therefore lacked the primary element of a preference, that of a transfer of the bankrupt's property. Newport Bank v. Herkimer Bank, 225 U. S. 178, 32 S. Ct. 633, 56 L. Ed. 1042 (1912). It is well settled that payments by third parties of their own money do not constitute preferences. For further discussion and citation of cases, see First National Bank of Danville v. Phalen, 62 F. (2d) 21 (C. C. A. 7th, 1932).
Order reversed and remanded.
NOTES
[1] "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, * * * made a transfer of any of his property, and the effect of the * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."