## SAN MATEO FEED & FUEL CO. et al. v. HAYWARD.

### No. 10943.

Circuit Court of Appeals, Ninth Circuit.

June 14, 1945.

F. E. Hoffmann, of San Mateo, Cal., and Arthur P. Shapro, of San Francisco, Cal., for appellant San Mateo Feed & Fuel Co.

Hugh F. Mullin, Jr., of San Mateo, Cal., and Ernest J. Torregano, of San Francisco, Cal., for appellant H. E. Casey Co.

Max H. Margolis and Herbert Chamberlin, both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court affirming and adopting an order of the referee requiring appellants to turn over to the trustee in this bankruptcy proceeding the sum of $1,025.35 from the San Mateo Feed & Fuel Co. and the sum of $2,534.76 from ·H. E. Casey Company.

The evidence shows that within the four months of the adjudication in bankruptcy the bankrupt delivered checks in the above amounts, respectively, to each appellant, at which time he had an indebtedness to each in a sum greater than the amounts of the checks. The evidence also supports findings that each appellant at the time of the delivery of the checks had reasonable cause to believe that the bankrupt was insolvent.

The principal controversy here concerns the character of the checks. The bankrupt was a plaster contractor in the construction of a building. The appellants were materialmen furnishing plastering materials for the building to the contractor for which, under the California law, they had liens on the building. The checks were for amounts owed by the owner to

the contractor and payable within the four months' period. Each check was made payable jointly to the contractor and one of the materialmen. The contractor delivered the check to the materialman named in the check, who credited the contractor on his antecedent debt for its amount.

As we understand appellants' contentions they are, in effect, (a) that since the materialmen's lien disappeared to the extent the debt for the materials was lessened by the payments, there was a detriment to the materialmen which constituted a present consideration for the delivery of the checks; and (b) the checks were in fact paid under an agreement made long before the four months' period between the materialmen, the owner, and the contractor, by which the contractor agreed that the owner should pay the materialmen for the materials delivered to the building out of the amounts due from the owner to the contractor when they became due, and hence the delivery of the checks was a transaction between the owner and the materialmen in discharge of an obligation of the former to the latter.

■ (a) With regard to the first contention, the lien extinguished was not upon the property of the bankrupt and hence its extinction caused no increase in the bankrupt's estate. The materialmen would be preferred over the other creditors by the reduction of the bankrupt's indebtedness to them, in which the removal of the burden of litigating or otherwise enforcing the lien is a beneficent incident.

■ (b) With regard to the claimed prior agreement that the checks were delivered in payment of a direct obligation of the owner to the materialmen, assuming that such a payment would not be a preference, the evidence does not show such an agreement was made. There is evidence that it was the practice of the materialmen to require of the owner that the checks be made out jointly to the contractor and the materialmen and that both owner and contractor had acquiesced in the practice.

There is no evidence of an agreement that the practice was to continue or that the owner had agreed to pay the materialmen for the material. That is to say, if the owner's check had omitted a materialman as joint payee, the latter could have recovered from the owner for the value of the material. The practice shown undoubtedly lessened the likelihood of the contractor using the payments from the owner for other purposes than discharging the debt for the materials used in the building. It thus was a convenience to the owner to keep his property free from material liens and, as said, a beneficence to the materialmen not to have to enforce their liens, but it was no more.

■ Appellants complain here that the trustee's turnover petition insufficiently charges that the indebtedness discharged was antecedent to the payment of the checks. The allegation of the petition is that the checks were paid "without consideration." The case was heard a second time after a prior hearing on the petition, terminating in an order favorable to appellants, which order was reviewed by the district judge and the matter ordered returned to the referee for further consideration. The second verified petition of the trustee, upon which the order to return the case to the referee was granted, showed that what the trustee sought to prove was a preferential payment of a prior debt and not a fraudulent transfer.

On the second hearing the case was tried on the theory of a voidable preference and not on fraud. No complaint was then made of the insufficiency of the pleading. The finding of the referee is that the appellants, as creditors, "secured an advantage over other creditors of the same class"—that is, "unsecured creditors of the bankrupt." We take it that the further finding that the checks were paid "without any consideration therefor" to mean without any *then present* new consideration therefor, thus making it consistent with the finding that they were paid as creditors who received an advantage.

The order appealed from is affirmed.