## PARAMOUNT PEST CONTROL SERVICE v. BREWER et al.

### No. 12170.

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1949.

Rehearing Denied Dec. 1, 1949.

Kenneth C. Gillis, Oakland, Cal., Robert R. Rankin, Portland, Or., for appellant.

Plowden Stott, Collier & Bernard, Portland, Or., for appellees.

Before DENMAN, Chief Judge, and BONE, Circuit Judge, and McCORMICK, District Judge.

McCORMICK, District Judge.

This appeal from a judgment of the District Court of Oregon is again before the court under an amplified record entered in the trial court pursuant to the remand issued herein November 16, 1948. See Paramount Pest Control Service v. Brewer et al., 9 Cir., 170 F.2d 553. No new or additional evidence to that shown in the transcript of record in the former appeal was introduced or taken in the court below. The cause was again considered by the learned trial judge who has presided in the action throughout its course in the District Court. Additional essential specific findings of fact and conclusions of law have been made by him and duly entered in the court below, and a final judgment denying an injunction against defendants and further adjudging "that the plaintiff take nothing against the defendants or either or any of them, and that the complaint be dismissed without costs to any party" was entered in the District Court on December 27, 1948. It is from such judgment that this appeal is taken by Paramount

Pest Control Service, a corporation, the plaintiff in the trial court, which for brevity is also referred to herein as Paramount.

Based upon a stipulation of the attorneys for the respective parties hereto, an order has been entered herein that the transcript of record in the former appeal and all exhibits transmitted from the District Court to this court in the former appeal, as well as briefs of both parties, pleadings and orders concerning the record be and the same are to be considered as filed of record on this appeal and constitute part of the records upon which the present appeal is based and that reference may be had herein to any of the records in the previous appeal, and the reprinting of the record in the earlier appeal is not required in this appeal.

It was further ordered by this court that the parties hereto have the privilege of filing additional briefs. Accordingly, appellant has considerably enlarged its briefs and appellees have also filed an additional brief on this appeal. We have considered the entire record as extended beyond·that before us on the former appeal.

Preliminarily because of certain observations of the experienced trial judge upon our remand, we deem it appropriate to state that the cause was remanded to the District Court on the former appeal because the findings of that court were not clear and specific as to the basic issues in the charges of conspiracy made by Paramount against the defendants (appellees here), and also because the findings as to alleged overt acts and damages by defendants in furtherance of the conspiracy charged in the court below were also inadequate on the appeal. There was also a substantial deficiency in the findings before us in the earlier appeal as to the employment relationship of Raymond Rightmire with Paramount under the record. These insufficiencies have all been rectified.

The law is clear that a trial judge is not always required to make findings upon all factual issues that are tendered or that arise in a case. Kustoff v. Chaplin, 9 Cir., 1941, 120 F.2d 551. Nevertheless, where, as was the situation before us in the first appeal, the question of conspiracy is the fundamental nexus of the elements of the case before the Appellate Court and the record shows that there has been an omission in the trial court to find indispensable facts upon which the controversy in law depends,, the Court of Appeals will remand the case to have the essential findings supplied by the trial Judge. Hunter v. Scruggs Drug Store, Inc., 4 Cir., 1940, 113 F.2d 971; See, also, Gillis v. Gillette, 9 Cir., 177 F.2d 7.

Epitomizing the case now before us, it appears that Paramount, a California corporation, licensed to carry on a pest control business in the State of Oregon, brought this action in the District Court against Charles P. Brewer, individually and doing business as Brewer's Pest Control, Rosalie Brewer, his wife, Raymond Rightmire and Earl Merriott, as defendants therein. One Carl Duncan was also made a party defendant in the court below. He was never served with process and did not appear in the action, which was ordered dismissed as to him.

Primarily an injunction was sought by the plaintiff to restrain alleged conspiratorial conduct by defendants in relation to the termination of an employment contract called "Sales Agent's Agreement" between Brewer and Paramount pertaining to services of Brewer as agent of Paramount in the entire State of Oregon. This agreement, dated July 1, 1946, in paragraph 5 provided that Brewer as agent of Paramount should pay to Paramount 20% of the gross business done by him during the life of the agreement which was stated to be ten years from its date.

After a brief period of operating under the agreement it was mutually determined that the compensation provisions of paragraph 5 were unsatisfactory, and it was then duly agreed that in lieu of the 20% payment to Paramount the contract be modified so that the net profits of the agent's business be divided between Brewer and Paramount on a fifty-fifty basis. There was later a sharp and irreconcilable conflict between the parties to the agreement as to the duration of such modification of the agreement, Paramount adopt-

ing a course that it was effective only one year from July 1, 1946, and Brewer claiming that it was to be effective during the life of the agreement. The impasse resulted in Brewer's resignation as the agent of Paramount effective August 1, 1947, and his thereupon engaging in business for himself under the name and style of Brewer's Pest Control, in which enterprise defendants Rightmire and Merriott, who had worked in Paramount Pest Control Service during Brewer's agency, were employed.

An accounting and damages were also demanded by Paramount in the complaint against defendants jointly and severally by reason of asserted flagrant conduct by defendants in relation to former customers of Paramount in its pest control business in Oregon, and in allegedly wrongfully taking over to themselves the plaintiff's business.

The defendants by answer joined issue by denying all allegations of any conspiracy against Paramount or of any wrongful concerted or individual conduct by them or any of them in relation to Paramount or its business or customers.

By a separate defense Brewer alleged the repudiation by Paramount of the terms of its employment agreement with him by which his compensation as agent was to be measured and paid, and in a counterclaim Brewer alleged that Paramount was indebted to him in the sum of $2050.00, for which he demanded judgment against Paramount. No such judgment was entered in the District Court.

While, as pointed out in the briefs filed in the two appeals, the gravamen of this suit was appellant's charge of appellees' conspiracy and the invocation by Paramount of the equitable remedy of injunction against appellees, it is clear that under the pleadings the action also had secondary or collateral issues of Paramount's alleged monetary damages arising ex contractu against Brewer individually and against all appellees as joint and several tortfeasors.

All of the issues in the case were vigorously and closely contested in the District Court, and the testimony relating thereto is in sharp conflict as between the witnesses who testified in the court below on behalf of the respective parties to the action.

The trial judge, in view of the conflicting character of the record, was in a much more advantageous and secure position to determine the credibility of the various witnesses who personally testified before him and to evaluate the evidence in the case than is this court on appeal.

The District Court made explicit and comprehensive findings upon all issues in the suit, including jurisdiction under Section 1332, Title 28, United States Code Annotated. The trial court specifically found and declared that there was at no time any conspiracy or confederation or combination among the defendants concerning Paramount or its customers or its business, as plaintiff contended, or otherwise. Upon the central controverted crucial question of the duration of the admitted modification of the emolument aspects of paragraph 5 of the employment agreement between Paramount and Brewer, the court below expressly found that about June 30, 1947, Paramount in violation of its agreement repudiated the contract as modified and notified Brewer that he would be required to pay Paramount 20% of the gross business done by him and that because of such repudiation by Paramount of the employment agreement as modified and for no other reason and not because of any conspiracy whatever, Brewer sent in his resignation as agent of Paramount to be effective August 1, 1947, and that solely because of such repudiation by Paramount and for no other reason Brewer resigned as agent of Paramount and went into business for himself under the name and style of Brewer's Pest Control.

The Court further found that none of the defendants were hired by Brewer's Pest Control or went to work for such enterprise because of any conspiracy or combination between defendants or any of them, and that while some of the former customers of Paramount had been successfully solicited for business by defendants, other than defendant Rosalie Brewer, and had been receiving pest control service from Brewer, none of such actions or con-

duct were pursuant to any conspiracy, combination or agreement alleged by Paramount, but the finding was that all such activities or transactions were in the course of legitimate business competition between Paramount and Brewer sub nomine Brewer's Pest Control.

There are specific findings that at all times while in the employ of the plaintiff Brewer carried out all obligations on his part to be performed under the employment agreement between Paramount and himself; that Brewer has not used in his business any receipts, formulae or processes of Paramount and that Paramount did not disclose to Brewer or any other defendant any such material.

Upon the secondary issues of any monetary damages to Paramount the Court made this pointed pronouncement: "I am unable to find from the evidence that the defendant Charles P. Brewer is indebted to the plaintiff in any amount or that the defendants are indebted to the plaintiff in any amount."

Adequate, appropriate and separate conclusions of law, consistent with and supported by the findings of fact, have been entered in the trial court and the final judgment in accordance therewith, as earlier in this opinion mentioned, was entered.

■■ A presumption of correctness attaches to the findings of the District Court. United States v. Foster, 9 Cir., 1941, 123 F. 2d 32, and under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., the trial judge's findings of fact will not be set aside unless clearly erroneous. The rule applicable here in the light of the conflicting character of the evidence in the record before us has been aptly stated in Federal Savings & Loan Ins. Corp. v. First Nat. Bank, Liberty Mo., 8 Cir., 164 F.2d 929, 932, in this language:

"We are not at liberty to substitute our judgment for that of the trial court and on appeal that view of the evidence must be taken which is most favorable to the prevailing party, and if, when so viewed, the findings are supported by substantial competent evidence they should be sustained."

■ From a consideration of the entire record, we find no clear error in the decision of the District Court. There is substantial evidence supporting the findings. Accordingly, the judgment dated December 27, 1948, is

Affirmed.