**JACKSON v. FLOHR et al.**
**No. 3447.**

United States District Court
W. D. Washington, N. D.

Feb. 17, 1954.

·Willard Hatch of Croson, Johnson & Wheelon, Seattle, Wash., for plaintiff.

William M. Holman (of Holman, Mickelwait, Marion, Black & Perkins), Seattle, Wash., for defendants.

BOLDT, District Judge.

In this action by plaintiff trustee in bankruptcy for recovery of alleged unlawful preferences, summary judgment on the facts shown by the pleadings is sought both by plaintiff and defendants. The admitted facts are:

Bankrupt Peterson, as a building contractor, performed construction work on a building owned by Williamson and on another owned by Favre. Defendants furnished materials for the work and gave the owners the five-day notice thereof required by the Washington Mechanics Lien Law, RCW 60.04.010 et seq. Before claims of lien were filed but within the ninety-day period allowed therefor by RCW 60.04.060 defendants received payment of their accounts. Favre paid contractor who paid defendants; Williamson paid by a check payable jointly to the contractor and defendants, and accepted by defendants after the contractor's endorsement. The payments occurred less than four months prior to the bankruptcy adjudication of the contractor. This action was commenced more than six months but less than two years from the application for appointment of a receiver for the contractor.

Section 96 of the Bankruptcy Act, Title 11 U.S.C.A., provides for recovery by a trustee of property transferred under conditions defined by the Act as constituting an unlawful preference. Section 107, sub. b of the Act provides:

"The provisions of section 96 of this title to the contrary notwithstanding, statutory liens in favor of * * * mechanics * * * created or recognized by the laws * * *

of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this title by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, * * *."

Washington statutes, RCW 60.04.010 et seq., provide for a mechanic's lien in favor of one furnishing materials for construction on real property when the materialman gives the owner written notice that materials are being supplied within five days of commencement of delivery thereof. Nothing further is required to perfect the inchoate lien until the ninetieth day from the cessation of furnishing the materials, by which time a claim of lien must be filed; if within that period payment has been received there is no statutory requirement nor logical reason for the filing of a claim.

█ Under the express wording of Section 107, sub. b of the Bankruptcy Act state law concerning preferences granted lienors is controlling irrespective of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Accordingly, in this case the Washington lien statutes and the interpretation given thereto by the Washington Supreme Court must be applied.

Defendants contend (1) that they were inchoate lienors at the time of the payments received by them and therefor the payments did not constitute unlawful preferences under Washington law and Section 107, sub. b of the Bankruptcy Act; and (2) that the action is barred because not brought within the six-month period prescribed by the state statute for actions to recover preferences.

█ It is settled by authority in this Circuit that the two-year period of limitation provided by Section 11, sub. e of the Bankruptcy Act is applicable and that point will not be discussed further. Engstrom v. De Vos, D.C., 81 F.Supp. 854; affirmed 9 Cir., 177 F.2d 196.

Seattle Association of Credit Men v. Daniels, 1942, 15 Wash.2d 393, 130 P. 2d 892, is cited by the parties as being the latest and the most direct statement by the Washington State Supreme Court on the law applicable to defendants' lien contentions. Each side claims judgment in its favor under the Daniels decision. The other principal authority cited is San Mateo Feed & Fuel Co. v. Hayward, 9 Cir., 149 F.2d 875. In that decision by Judge Denman, on an appeal from the District Court for the Northern District of California, transactions in that state involving California residents were in question. Another decision cited but not examined is In re Conard, 26 Am. Bankr.Rep., N.S., 600, referred to in plaintiff's brief as the decision of a Kansas referee on facts similar to the present case wherein it was held that an unlawful preference was not established. Plaintiff also cites an unreported decision of Judge Driver, No. 1111 E.D. Wash.N.D. In that case the payment adjudged an unlawful preference was actually received after the ninety-day period for filing lien claims and the asserted lien was not in fact inchoate at the time of the payment. The decision was based on the authority of the San Mateo case and the Daniels decision is not referred to in the portion of the transcript quoted in the memorandum submitted by plaintiff in this case.

Because of the emphasis given the Daniels decision by both counsel, the appellate briefs in that case have been examined for such light as they might shed on the questions presented by the parties and decided by the Court. From the contentions of counsel in the briefs and from a close study of the language of the opinion it clearly appears that the Daniels decision supports defendants' contentions concerning the lien law of Washington and requires summary judgment dismissing the action.

After reciting the facts, the Daniels opinion flatly states:

"If respondents [construction contractors supplying work and materials] had an enforcible lien, even though inchoate, for the work performed and materials furnished, the payment [within the four-month period] was not a preference." [15 Wash. 393, 130 P.2d 894.]

The opinion then proceeds to consider whether respondents, in fact, were inchoate lien holders under any theory advanced by them. Under Washington law notice to the owner that materials are being furnished is not required where materials are ordered by a lessee for repairs required by the lease. It was found that the insolvent was not a lessee and that the repairs were permissive and not obligatory. Consequently, under RCW 60.04.020 giving of the five-day notice was required. Without it no lien, inchoate or otherwise, was in existence at the time of the preference payments. The language of the opinion, particularly when considered against the background of the contentions in the briefs, leaves little doubt that, in effect, the Washington Supreme Court held that if the five-day notice had been given as required by statute the respondents would have held an inchoate lien and thereby the claim of unlawful preference would have been defeated. The above-quoted statement from the opinion is a flat and simple statement to such effect.

Plaintiff would limit the mechanic's lien preference, made lawful by reference in the Bankruptcy Act, to liens attaching to the property of the bankrupt. The Washington lien statute is not so limited and certainly Section 107, sub. b of the Act expresses no such limitation. To read such restriction into either the lien statute or Bankruptcy Act does violence to the spirit and language of both and vitiates the expressly granted preference to those entitled to lien status in a very substantial number of instances of great practical and commercial importance.

By the express terms of Section 107, sub. b a mechanic's lien can be completed and enforced after bankruptcy adjudication without effecting an unlawful preference. If so, it surely could not have been the legislative intent that an unlawful preference result from satisfaction of a fully valid inchoate lien through payment of the debt secured by the lien prior to adjudication.

Plaintiff strenuously insists that the bankrupt's estate was depleted by the payments in question. If it be considered that the Bankruptcy Act by giving a lawful preference to the lien of a materialman, in effect earmarks funds in the hands of an owner for payment of the materialman, either by perfection and foreclosure of the lien or by discharge of the lien through payment, no actual depletion occurs. Congress certainly had the power to authorize preferences to materialmen and to make them dependent upon state law. There can be no doubt that Washington law extends a preference to materialmen and that the only condition thereof within the ninety-day period is the giving of the five-day notice. Defendants in the instant case up to the time of receiving payment of their accounts had done everything required by state law to establish their status as lienors. Both letter and spirit of the Bankruptcy Act and the state lien law dictate that defendants should have the preference intended for materialmen.

In the San Mateo case California transactions and California law applicable to materialmen's liens were involved. Presumably neither Seattle Association of Credit Men v. Daniels, supra, nor any other Washington decision was cited or considered. The opinion does not cite any California decisions as controlling and independent research indicates that there are none. Inasmuch as Washington authority inferentially if not directly in point is available, the San Mateo decision is not controlling. Moreover, from the recitals at page 876 of the opinion concerning the contentions made in

that case, neither question presented and decided was identical with the precise lien question for decision in the present case. The first contention in the San Mateo case that release of an inchoate lien resulting from payment constitutes a present consideration for the payment is not urged by defendants in this case, and the second contention is inapplicable to the facts now under consideration.

Entry of judgment in accordance herewith is directed.