**Ben GREENBLATT, Appellant,**

v.

**Ernest R. UTLEY, trustee in bankruptcy for Moses A. Fleming, a bankrupt, Appellee.**

**No. 14875.**

United States Court of Appeals
Ninth Circuit.

Oct. 9, 1956.

244

Wolver & Wolver, Eugene L. Wolver, Los Angeles, Cal., for appellant.

Burke Mathes, Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and FEE, Circuit Judges.

ORR, Circuit Judge.

We decide on this appeal that a transfer by a debtor, within four months of bankruptcy, to a creditor, with knowledge of the debtor's insolvency, made in discharge of a California inchoate mechanic's lien may not be avoided by the trustee as a preference within the meaning of sec. 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96.

The relevant facts are not in dispute and a summary thereof follows: On May 28, 1952 Moses A. Fleming, the bankrupt, conveyed to appellant Ben Greenblatt, certain real property situate in Los Angeles County, California in consideration of $3000 in cash and a note by Greenblatt in the amount of $36,000, payable on or before June 1, 1953. As security for the note Greenblatt executed and placed in escrow two deeds of trust to the property. The deeds contained provisions wherein Fleming, as beneficiary, agreed to the reconveyance by the escrow to Greenblatt of individual lots upon payment of $500 for each lot. The arrangement was made in contemplation of Greenblatt's intention to develop the land as a subdivision project.

The trust deeds further recited that the bankrupt agreed to give credit against the indebtedness evidenced by the note for improvements which Greenblatt agreed to install on certain adjoining tracts retained by Fleming. Greenblatt completed the installation of utilities, improvements and paving on the retained land in December, 1952. On December 12, 1952 Greenblatt billed Fleming for $8234 for the work and requested credit on the note. In addition Greenblatt demanded a further credit for a sum paid by Greenblatt to discharge a mortgage on the property purchased from Fleming. The existence of the mortgage had not been disclosesd by Fleming at the time of purchase and apparently Fleming at some time had agreed to take care of the indebtedness. There is a conflict in the evidence as to whether Greenblatt threatened to file a mechanic's lien for the improvement work in the event Fleming refused or delayed in allowing the credit.

In the meantime and with Greenblatt's knowledge Fleming assigned the note and security to one H. B. Benner as security for a loan to Fleming of $6000. Subsequently, Fleming received other loans from third parties on the security of his equity in the note so that on February 19, 1953 Fleming's equity was reduced to $9500. Fleming and Greenblatt agreed that Fleming's $9500 equity in the note would be credited in liquidation of Fleming's indebtedness of $8200 for the real estate improvements and $1300 due on account of Greenblatt's payment of the mortgage indebtedness of the transferred property.

On February 19, 1953, after a conference held by Greenblatt and Fleming with H. B. Benner, Fleming credited to Greenblatt his $9500 equity in the note to Greenblatt in payment of the said indebtedness. The credit was approved by Benner.

On May 29, 1953 Fleming was adjudicated a bankrupt. Ernest R. Utley, as trustee in bankruptcy of Moses A. Fleming, instituted an action in the trial court to set aside the February 19, 1953 credit as a voidable preference [1] and to recover the said $9500 for the estate. The district court allowed the relief.

The first contention made by appellant is that there may be no preference within the meaning of sec. 60, supra, because the debtor did not convey legal title to the preferred creditor. Appellant notes that the bankrupt had no legal title but only an equitable interest in the note in issue at the time of the credit.

The cases cited by appellant do not support his contention.[2] It is well established that, other conditions appearing, an indirect transfer which results in a preference to a creditor for or on account of an antecedent debt is voidable, see 3 Collier on Bankruptcy, 782 and cases cited, e. g. Johnson v. Hanley Hoye Co., D.C., 188 F. 752, holding that payment by a mortgagee, on behalf of the mortgagor, of funds constituting the bankrupt mortgagor's equity was a voidable preference.

Appellant places principal reliance upon his theory that having installed utilities and other improvements on Fleming's land, there arose, by operation of law an inchoate mechanic's lien on the property in an amount equal to the value of the improvements. There is, as we have noted, no dispute in the record but that Greenblatt performed the work and furnished materials of the value claimed. Appellee's brief in this court does not contend otherwise. The trial court found as a fact that the bankrupt was indebted to appellant Greenblatt for such subdivision improvements. The question for our consideration is whether, as a matter of law, the installation of the recited improvements established a statutory lien in Greenblatt's favor and, in the event that it did, whether the existence of such a lien precludes the trustee from setting aside the February 19, 1953 credit as a voidable preference. Appellant argues that the crediting of the amount due on the note from Greenblatt was in discharge of his statutory lien [3]

1. Sec. 60, sub. b provides in part: "Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property, except a bona-fide purchaser from or lienor of the debtor's transferee for a present fair equivalent value: *Provided however,* That where such purchaser or lienor

has given less than such value, he shall nevertheless have a lien upon such property, but only to the extent of the consideration actually given by him. * * *"

2. Western Tie & Timber Co. v. Brown, 1905, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; Rector v. City Deposit Bank, 1906, 200 U.S. 405, 26 S.Ct. 289, 50 L.Ed. 527; O. L. Schafter Estate Co. v. Mooney, 9 Cir., 1927, 18 F.2d 826 and In re Zaferis Bros. & Co. Ltd., 9 Cir., 1933, 67 F.2d 140.

3. Sec. 67, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b, provides: "The provisions of section 60 of this

which discharge constituted a present consideration for the assignment of $8234 of Fleming's interest in the note.

The California Code of Civil Procedure, §§ 1181 and 1184.1[4] provide that any person who, at the instance of the owner or by his authority, installs improvements such as were installed in the instant case has a lien upon the property for the work done and the materials furnished.[5] The lien dates from the time of the commencement of the work.[6] Where, as here, the owner fails to file a notice of completion, the lienor has ninety (90) days after completion of the work of improvement to file his claim of lien.[7] Hence, on February 19, 1953, when the said assignment was made, Greenblatt held an inchoate mechanic's lien on Fleming's property, filing of which was not required by the statute until some time in March 1953.

The trustee contends that Greenblatt could not have had a lien because of the provisions of sec. 1193.1(j), C.C.C.P. which limits the lien authorized by the statute to the amount owed the lienor, "after deducting all just credits and offsets". The trustee contends that inasmuch as Greenblatt was obligated to Fleming on the note at the time the lien is alleged to have arisen, he, Greenblatt, could not have made a claim of lien, there being at least $8234 of just credits and offsets held by Fleming.

This argument ignores the fact that payment of the note was not due until June 1, 1953, some three (3) months after the acceptance of payment. A reference is made to the provision in the

---

4. References to the California Code of Civil Procedure, hereafter cited as C.C.C.P., are to West's Annotated California Codes, Civil Procedure.

5. Sec. 1181 C.C.C.P. provides: "Liens of construction mechanics, materialmen, contractors, etc.—Mechanics, materialmen, contractors, subcontractors, artisans, architects, machinists, builders, teamsters and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services on, or furnishing materials to be used or consumed in, or furnishing appliances, teams, or power, contributing to, the construction, alteration, addition to, or repair, either in whole or in part, of, any building, structure, or other work of improvement shall have a lien upon the property upon which they have bestowed labor or furnished materials or appliances for the value of such labor done or materials furnished and for the value of the use of such appliances, teams, or power, whether done or furnished at the instance of the owner or of any person acting by his authority or under him, as contractor or otherwise."

Sec. 1184.1 C.C.C.P. provides: "Improvement of lots or tracts of land—Any person who, at the instance or request of the owner (or any other person acting by his authority or under him, as contractor or otherwise) of any lot or tract of land, grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, or constructs or installs sewers or other public utilities therein, or constructs any areas, or vaults, or cellars, or rooms, under said sidewalks, or makes any improvements in connection therewith, has a lien upon said lot or tract of land for his work done and materials furnished."

6. Sec. 1188.1, C.C.C.P., see also McCrea v. Craig, 1863, 23 Cal. 522, Sun Lumber Co. v. Bradfield, 1932, 122 Cal.App. 391, 10 P.2d 183 and Sun Lumber Co. v. Bradfield, 1932, 122 Cal.App. 783, 10 P.2d 185.

7. C.C.C.P. § 1193.1(a) and (c).

Act to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this act by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

agreement whereby Fleming agreed to the reconveyance by the escrow of separate lots upon payment against the note of $500 per lot. Appellee claims that lots were sold and that a present indebtedness to Fleming was thereby created. The trial court did not find that any indebtedness was so created nor is there evidence in the record sufficient to establish that such sales occurred prior to February 19, 1953.[8] Manifestly, an amount not yet due does not constitute a proper offset. We conclude that appellant Greenblatt, on February 19, 1953, held an inchoate mechanic's lien on the bankrupt's property in the amount of $8234 and that $8234 of the credit given by Fleming on Greenblatt's note was payment in satisfaction thereof.

By the provisions of sec. 67, sub. b, of the Bankruptcy Act, supra, statutory liens in favor of certain classes of persons including contractors and mechanics may be valid against the trustee. Sec. 70, sub. c, of the Act, 11 U.S.C.A. § 110, sub. c, provides that the trustee has all the rights of a lien creditor as to property in the possession or under the control of the bankrupt at the date of bankruptcy and is deemed a judgment creditor as to all other property of the bankrupt. Whether as such lien creditor or judgment creditor the rights of the trustee are superior to those of the holder of a mechanic's lien is a question of state law, 4 Collier on Bankruptcy, 214, n. 15. Under California law it is clear that the mechanic's lien, having arisen before bankruptcy, is preserved notwithstanding the advent of bankruptcy.[9]

It thus appears that the credit of February 19, 1953 effected a discharge of a valid mechanic's lien. The discharge, to the extent of the lien, was a present consideration for the credit. The credit did not deplete the bankrupt's estate and consequently did not diminish the assets available to meet the claims of other creditors. We find there was no voidable preference as to $8234 of the amount credited.[10]

The judgment is reversed as to the sum of $8234 and affirmed as to the remaining amount.

JAMES ALGER FEE, Circuit Judge (dissenting).

The whole Court is in agreement that an inchoate mechanic's lien upon property of the bankrupt may be paid either by the bankrupt himself or from his

---

8. Appellee merely introduced evidence that "some of the houses" were occupied.

9. Sec. 1188.1, C.C.C.P. provides: "Preferences—The liens provided for in this chapter, except as otherwise in this article provided, are preferred to any lien, mortgage, deed of trust, or other encumbrance upon the premises and improvements to which the liens provided for in this chapter attach which may have attached subsequent to the time when the building, improvement, structure, or work of improvement in connection with which the lien claimant has done his work or furnished his material was commenced; also to any lien, mortgage, deed of trust, or other encumbrance of which the lien claimant had no notice and which was unrecorded at the time the building, improvement, structure, or work of improvement on which such lien claimant has done his work or for which he has furnished his material, appliances or power was commenced." See Barber v. Reynolds, 1872, 44 Cal. 519.

10. Our conclusion finds support in the language of §§ 60 and 67, sub. b, of the Bankruptcy Act, quoted supra; see also 3 Collier on Bankruptcy, 842, 960, 4 Collier, 214–215, Smith v. Folsom, 1940, 190 Ga. 460, 9 S.E.2d 824 and 4A Remington on Bankruptcy, 5th Ed., 112 and 1956 Cum.Supp., 22. We do not read sec. 67, sub. b, supra to require that the lien be perfected by filing where, as here, it was discharged by payment at a time prior to the expiration of the permissible filing period.

We note that the situation presented by the instant case is distinguishable from that dealt with by this court in the cases of San Mateo Feed & Fuel Co. v. Hayward, 9 Cir., 1945, 149 F.2d 875, Malott & Peterson v. Street, 9 Cir., 1925, 4 F.2d 770, and Street v. Pacific Indemnity Co., 9 Cir., 1935, 79 F.2d 68, noted in Jackson v. Flohr, 9 Cir., 1955, 227 F.2d 607, 613, in that the liens held by the transferees in those cases were not on property of the bankrupt.

property without creating a preference or a fraudulent conveyance to the transferee. There are several theories upon which a transaction of that type can be upheld.

But here the able trial judge, Hon. Leon Yankwich, held the issue was whether a designated assignment constituted a preference. All of the elements necessary to constitute a preference were pleaded by the trustee, found to exist by the trial court, and judgment was based thereon. Efficient findings to support the determination were entered. The District Court negatived the affirmative defenses relating to the lien and an agreement that the credit was given therefor. The effect of these findings was only to indicate that these defenses were not relevant to the case at bar, and the preference was affirmatively found to exist. In opposition to the situation which developed in the case, the majority opinion now adjudges affirmatively that the facts in the record show that a valid inchoate lien was in existence and further that there was an agreement between the contractor and the owner that the credit given was a consideration for a forbearance to perfect this supposed lien. The difficulty with this position is that this Court has no jurisdiction to enter affirmative findings of fact.

All of this highlights the fact that the trial court held that the existence of the lien and the supposed forbearance of Greenblatt to file an alleged inchoate lien as consideration for discharge of the encumbrance were not within the issues of this particular case.[1] Therefore, such issues of fact were not tried in the District Court and cannot be tried here.[2] Grave doubt exists as to whether a valid lien can be filed where the purported lienor is indebted to the owner.[3] This doubt is increased in geometrical proportions where, as in this case, there is evidence from which it might be concluded that the contractor and the owner agreed that the contract price was to be applied as a credit upon the pre-existing debt of the contractor.[4] The question of whether the credit given was over any just credit or offset was not decided. Likewise, the question whether there was a lien in law or in fact was never adjudicated until the majority of this panel decided it in the foregoing opinion.

The trial court held properly that the existence of the lien and its validity with regard to any property of bankrupt could be adjudicated in a foreclosure in the bankruptcy court. If the holding of the trial court as to the issues is correct, it should be affirmed. If the trial judge erred as to the issues to be determined, the cause should be remanded to determine whether a lien existed and what the effect was of any agreement between the owner and the contractor regarding credit on the pre-existing debt.[5] Even if this Court is of opinion that the trial judge passed upon the facts and entered an erroneous negative finding as to the defenses, since there is no power to make affirmative findings here, the cause should nevertheless be remanded.

1. Judge Yankwich quoted at great length from In re Etherton, D.C., 88 F.Supp. 874, and then said: "[T]he main point is this: we are not deciding whether you have a lien." This view was reaffirmed in these words: "I am not deciding that they had a lienable right. That question is not before us."

2. See Paramount Pest Control Service v. Brewer, 9 Cir., 177 F.2d 564, 565.

3. See Cal.Code Civ.Proc. § 1193.1(j): "A claim of lien filed for record by any person claiming the benefit of this chapter * * * shall contain the following: (1) a statement of his demand after deducting all just credits and offsets; * * *."

4. Decided cases under the statute treat generally of pre-lien-payment by owner-lienee to contractor-lienor as a "just credit," See Los Angeles Pressed Brick Co. v. Higgins, 8 Cal.App. 514, 516, 97 P. 414, 416, or sums paid by owner to materialmen and subcontractors to extinguish their liens or claims for which the contractor is primarily responsible as "offsets." Covell v. Washburn, 91 Cal. 560, 27 P. 589; Clancy v. Plover, 107 Cal. 272, 40 P. 394.

5. Paramount Pest Control Service v. Brewer, supra.